DINKEL et al. v. ROMAN CATHOLIC CHURCH OF ST. TERESA OF NORTH TARRYTOWN et al.

(Supreme Court, Appellate Division, Second Department.   May 1, 1912.)

1. MECHANICS' LIENS (§ 290*)—FORECLOSURE—FINDINGS—CONFORMITY TO PLEADINGS.

Where a complaint merely sought to foreclose a mechanic's lien on money due and unpaid from an owner to a contractor, and did not allege that the owner was personally liable or was guilty of fraud, a finding that the owner had fraudulently made advance payments to the contractor was erroneous as not being within the pleadings.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 591–598; Dec. Dig. § 290.*]

2. APPEAL AND ERROR (§ 274*)—RESERVATION OF GROUNDS OF REVIEW—EXCEPTION TO FINDINGS.

In an action in equity, an exception to a finding which completely changes the issue is sufficient to present the question for review on appeal, although evidence in support of the finding was received without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631–1645; Dec. Dig. § 274.*]

3. MECHANICS' LIENS (§ 281*)—FORECLOSURE—EVIDENCE—SUFFICIENCY.

A finding in an action to foreclose a mechanic's lien that the owner assured a materialman that there was enough money to pay him, and that, relying thereon, he forbore to file a lien, is unsupported by the evidence, where he testifies that immediately after this conversation he took steps to file a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572; Dec. Dig. § 281.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MECHANICS' LIENS (§ 281*)—FORECLOSURE—EVIDENCE—SUFFICIENCY.

Evidence in an action to foreclose a mechanic's lien *held* insufficient to sustain a finding that the owner fraudulently represented that there was enough money due the contractor to pay a materialman's claim, and that it would be paid therefrom.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 565–572; Dec. Dig. § 281.*]

Appeal from Special Term, Westchester County.

Action to foreclose mechanics' liens by Theodore H. Dinkel and others against the Roman Catholic Church of St. Teresa of North Tarrytown and others. From the judgment, the defendant named appeals. Affirmed in part, and reversed for new trial in part.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

James Kearney, of New York City, for appellant.
Henry C. Griffin, of Tarrytown, for respondent C. H. Curtiss & Co.
Nathan P. Bushnell, of Peekskill, for respondent Emil Bartolicius.
Hugh A. Thornton, of Dobbs Ferry, for other respondents.

THOMAS, J. The plaintiff Dinkel and another, C. H. Curtiss & Co., and Bartolicius have recovered a judgment for the sale of the appellant's church to meet their several mechanics' liens thereon, as herein found, on account of the indebtedness to them of one O'Toole, the contractor to build such church. Allegations of material bought by the contractor and used in the building, filing of notice of lien, and that at time of such filing money due the contractor was unpaid, such is the pleading in each instance, save that the Curtiss Company, after pleading sale and delivery of the material to the contractor, further states that the same was "duly furnished by these defendants with the knowledge and consent of the owner, * * * and with the knowledge and consent and at the request of the agents and contractors of said defendant, the Roman Catholic Church of St. Teresa, * * * to wit, said defendant Eugene O'Toole," and save, also, that Bartolicius also pleads extra work and material in the sum of $589 alleged and properly found to have been bought directly of him by the church corporation. The pleading and finding as to this item are supported by the evidence, and need no further consideration. We may, then, consider the finding as to the two Dinkel and Curtiss claims, and the evidence that relates to them. There is found due for Dinkel $1,130.51 and for Curtiss $357.42, and sale of the property to pay the same is directed. Hence, according to the pleadings, it should be found that there is unpaid and payable on the main contract $1,487.93, and, so indeed, there is finding as to each claimant that at the time of the lien there was due to the contractor from the church a sum in excess of the claim. But there is a specific finding that denies such finding, for it is found, as it must be, that the contract price for the building was $63,500, and extra work to the amount of $850 (which aggregates $64,350), that the contractor "neglected and refused to complete said building in accordance with said agreement and aban-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

doned the same in an incomplete and unfinished state," and that the church "necessarily incurred and paid, laid out, and expended in the completion of the work of constructing said church building the sum of $453.50, which was a "fair and reasonable value," and "that there was and is due and unpaid to the defendant O'Toole from the defendant church at the time of the filing of plaintiffs' said lien, or has since grown due, the sum of" $662.20, which sum is what, if anything, was owing the contractor. That was applicable to Dinkel's claim of $1,130.51. How, then, was it enlarged to a sum sufficient to pay the balance of that claim and also the Curtiss claim of $358.16?

[1] It was done by findings (1) that the owner had, from moneys reserved as security for the performance of the contract, made advance payments to the contractor in fraud of the claims of Dinkel and Curtiss; (2) that it promised to retain sufficient money to pay the claim of Curtiss, and had assured both claimants that there was sufficient money in reserve to pay them; and that, relying thereon, the claimants furnished the material and forbore to file liens. Hence the action is converted from one based simply on a contractor's indebtedness and lien therefor for unpaid moneys into an action for moneys that should have been in the hands of the church except for its fraud and breach of promise to pay. Not a trace of the grave accusation is found in the pleadings, and there are due exceptions to the findings. As there is no personal judgment against the church for the Dinkel and Curtiss claims, it is concluded it was not intended to find that it legally bound itself to pay the same. The finding then is that, although there was not at the time the notice of lien was filed money in the hands of the owner to pay the same except to the amount of $662.20, yet there should have been, inasmuch as the advance payments to the contractor of the 20 per cent. reserve fund were made by the owner in bad faith and for the purpose of defeating the claim and liens of Dinkel and Curtiss, for which section 7 of the Lien Law (Consol. Laws 1909, c. 33) is invoked:

"Any payment by the owner to a contractor upon a contract for the improvement of real property, made prior to the time when, by the terms of the contract, such payment becomes due, for the purpose of avoiding the provisions of this article, shall be of no effect as against the lien of a sub-contractor, laborer or material man under such contract, created before such payment actually becomes due."

So, while the complaint does not even charge an owner with personal liability, but merely with having moneys due but unpaid to its contractor, the decision finds the owner guilty of fraud in paying out the money.

[2] The learned counsel for the respondents would justify this variance upon the ground that the issue was presented by failure to object to the evidence. It may be that the evidence on which the finding is based was not subject to objection, as it somewhat tends to prove the allegation of money in hand, but even otherwise much irrelevant matter often comes into a record, and in equity cases the frequent objection to items of immaterial evidence is often deprecated by trial justices, as it will be disregarded upon decision. But when

the whole issue as indicated by the complaint is changed so that a person, not charged with contractual obligation, is subjected to a finding of fraud of which no suggestion is made until the finding appears, the limit of permitted departure from the issue has been far passed, and the exception to the finding is sufficient. Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698. But, as there should be a new trial, the present evidence of the fraud may be considered. The owner was represented by Father McKenna, the rector, and Kerby, the architect and proven financial agent. The finding is that Kerby fraudulently represented that there was money in reserve to pay, and that their claims would be paid therefrom, and that, relying thereon, they severally furnished material and refrained from filing liens. The evidence to sustain this finding may be considered.

[3] Dinkel testified to conversation with the rector, who in some degree confirms him, but no finding is based thereon. But Kerby told Dinkel, as the latter states, that there was about $3,000 left, and asked him not to file the lien, and Dinkel continues:

"And immediately upon leaving his office I went to the Grand Union Hotel, and telephoned our attorney to go to your office and put on a lien. * * * That was a day or two before the lien was filed. At that time all the work had been done."

Here is evidence that Dinkel did not rely on what Kerby said, while the finding is that he did. Certainly such finding is unsustained.

[4] The finding as to Curtiss depends upon the evidence of O'Toole that Kerby had said to him that Curtiss had spoken to him, "and wanted the payments made out of the money paid to you," to which O'Toole assented. This evidence was given in reply to leading questions, and O'Toole had slight recollection of it. And, again, the witness says that Mr. Kerby said "he had gone security for the bill and intended to pay it." Kerby testified:

"I remember seeing Mr. Curtiss, and I told him what I told Mr. Dinkel, if he would get an order from O'Toole, so far as the money would go I would pay him. Q. Did you tell him there was enough money for him? A. There was at that time. Q. This was August 18? A. Yes; this other one had not been paid at that time, neither the foundry people nor Wilson & Adams. I did not tell him over the telephone I would reserve enough money to pay him."

In behalf of Curtiss there is also offered a letter to Kerby, dated August 18, 1908, wherein Kerby is stated to have said that he would, upon being advised of the amount, reserve enough to pay the claim, but that is not competent evidence. It is considered that the testimony of O'Toole does not overcome that of Kerby sufficiently to sustain the finding upon which the fraudulent advance payments to the contractor is based. There is a contention, also, that the evidence shows that the agreement amounted to an equitable assignment of the amount of the Curtiss bill. That is not a matter pleaded or found.

The judgment as to the defendant Bartolicius should be affirmed, with costs, and, as to the plaintiff Dinkel and the defendants Curtiss and Cramer, reversed, and a new trial granted, costs to abide the final award of costs.