W. A. CASE & SON MANUFACTURING COMPANY, Appellant,
v. YOUNG IMPROVEMENT CORPORATION and SAMUEL BRILL,
Respondents, Impleaded with MIDWOOD PLUMBING COM-
PANY and RICHARD L. WILLIAMS, Defendants.

Second Department, February 15, 1918.

**Liens — foreclosure of mechanic's lien by subcontractor — defense —
willful and substantial non-performance by contractor — trial —
reopening case — trial must follow pleadings.**

Where, in an action by a subcontractor who had supplied materials to the
contractor, to foreclose a mechanic's lien, it appeared that the plaintiff
also sued as assignee of the contractor, and that there had been a wilful
and substantial non-performance by the contractor, the complaint should
be dismissed.

The court properly denied the plaintiff's application, made after the court
had heard the case and had disposed of the findings and requests to find,
to reopen the case so as to ask personal judgment upon notes advanced
by the owner to the contractor which had not been paid.

A proceeding to foreclose mechanics' liens like other actions must follow
the pleadings or at least the theory of the trial and the requests submitted.

APPEAL by the plaintiff, W. A. Case & Son Manufacturing
Company, from a judgment of the Supreme Court in favor of
the respondents, entered in the office of the clerk of the county
of Kings on the 15th day of May, 1917, dismissing the com-
plaint in an action to foreclose a mechanic's lien, upon the
decision of the court after a trial at the Kings County Special
Term.

Plaintiff further appeals from an order entered in said clerk's
office on the same day, denying its motion to submit addi-
tional requests for findings of fact and conclusions of law.

*Arleigh Pelham* [*Francis Stockton McDivitt* with him on the
brief], for the appellant.

*Max Herzfeld* [*Clarence E. Mundy* with him on the brief],
for the respondents.

PER CURIAM:

Plaintiff had supplied plumbing materials to the Midwood
Plumbing Company, a contractor with the Young Improve-
ment Company, which was erecting eight apartment houses.

As a subcontractor, plaintiff had to show that on October 23, 1916, when it had filed and served its notice of lien, there were moneys due the contractor, the Midwood Plumbing Company. Plaintiff also sued as assignee of the Midwood Plumbing Company, under an assignment of the Midwood Plumbing Company lien, which had been filed and assigned on September 29, 1916.

The proofs abundantly established a deliberate breach by the Midwood Company by use of bad material, and a complete abandonment of the work. The lien was bad in form. In substance there was non-performance.

It appeared that, before this breach, the defending owner had advanced the embarrassed contractor two promissory notes, each for $500, which, after its breach, were not paid.

When the court had heard the case, and had disposed of the findings and requests to find, plaintiff asked to reopen the case so as to submit further findings in order to ask a personal judgment upon these notes, which motion the court denied.

A proceeding to foreclose mechanics' liens, like other actions, must follow the pleadings or at least the theory of the trial (*Dinkel* v. *Roman Catholic Church of St. Teresa*, 150 App. Div. 848) and the requests submitted. After decision is announced, a motion to reopen the cause and to submit new requests is really to inject into the trial (after it has closed) a new liability, not raised by the complaint. We see no reason to question the exercise of discretion that denied such a belated application.

The contractor's non-performance was wilful and substantial, leaving nothing on which the plaintiff's lien could attach.

The judgment and order should be affirmed, but with a single bill of costs on this appeal.

JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment and order unanimously affirmed, but with a single bill of costs on this appeal.