of this wrongful deposit of the earth upon the sidewalk to the defendant, and it at once became its duty to arrest further deposit and remove what had been placed there. Hence there was a fair question for the jury to determine whether there was any negligence chargeable to the defendant in permitting this earth thus wrongfully deposited upon the sidewalk to remain there, and the trial judge could not properly have charged as requested.

" The judgment should be affirmed, with costs."

*P. D. Niver* for appellant.

*J. H. Clute* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.

---

MARY COSTELLO et al., Appellants, *v.* THE STATE OF NEW YORK, Respondent.

MARY A. POLAND, Appellant, *v.* SAME, Respondent.

These cases presented the same questions and were argued and decided with *Reed* v. *State* (*ante,* p. 407).

---

CHARLES W. ROMEYN, Respondent, *v.* DANIEL E. SICKLES, Appellant.

A pleading cannot, lawfully, be amended in a material respect, except at a time which will give the party against whom the amendment is allowed a right and opportunity to meet by proof the new allegations made against it.

Where an objection has been properly taken, or an exception presents the question, it is fatal to a recovery that it does not conform in all material respects to the allegations in the pleadings.

(Argued January 26, 1888; decided February 28, 1888)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made October 5, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The following is an extract from the opinion:

" The complaint alleges as the cause of action, the performance of work, labor and services by the plaintiff as an architect in preparing plans for a proposed building for the defendant at his request, and a promise by the defendant to pay therefor what such work should be reasonably worth.

" The answer sets up a special contract under which it was alleged such work was performed, and states that the defendant and other persons were interested in the formation of a club to erect an apartment house in the city of New York, and that the plaintiff was employed to draw plans for such proposed building under an agreement that if the club or association was organized and the building erected, the architect, whose plans should be accepted, would be paid by the club or association for the drawing of plans, and would be employed to superintend the erection of the building, but in case the club was not formed or the plans and specifications were not adopted, then the plaintiff was not to be paid.

" Upon the proof given on the trial the referee, among other things, found that the defendant authorized the plaintiff ' to prepare and submit such plans upon the understanding or agreement between said parties, that the plaintiff should prepare and submit said plans in competition with other architects; that said apartment house should be built either by defendant or by a club to be formed, that if plaintiffs' plans were not adopted either by such club, if formed, or by defendant, if such club were not formed, plaintiff should receive no pay for his services ; but if said plans were adopted by said club, if formed, or by defendant, if such club were not formed, plaintiff should be paid for such services what they were reasonably worth ;' that plaintiff submitted plans and defendant preferred such plans and adopted them in case said club should not be formed ; that the proposed club was never formed, and the defendant finally abandoned the pro-

ject of building either by himself or by a club.; and, as a con-clusion of law, the referee held that the plaintiff was entitled to recover what his services were reasonably worth.

" The defendant duly excepted to that part of the findings of fact, which stated that it was a part of the contract ' that said apartment house should be built either by the defendant or by a club to be formed,' and also to so much thereof as found that defendant 'adopted said plans in case said club was not formed.'

"A direct conflict of evidence occurred on the trial between the plaintiff and the defendant as to the terms of the contract of employment, and the referee has found in favor of the defendant's version of the transaction, but instead of giving him the benefit of such finding has decided the law upon a cause of action not stated in the pleadings, or established, as we think, by the evidence.

" It is a fundamental rule that judgment shall be *secundum allegata et probata*,' and, as was said in *Day* v. *Town of New Lots* (107 N. Y. 148); ' any departure from that rule is certain to produce surprise, confusion and injustice.'

" It was said· by Judge EARL in *Southwick* v. *First Nat. B'k of Memphis* (61 How. Pr. 170), that 'pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful  urpose, but rather to ensnare and mislead his adversary.'

It does not appear that the theory upon which this action was determined was mentioned or referred. to upon the trial, and its first appearance occurs in the opinion of the referee, wherein · he says : ' It is true that upon this view the plaintiff recovers upon a somewhat different cause of action from that stated in the complaint,' and this is followed by the suggestion that the pleadings ' may be amended or deemed amended to conform to the proof.' This is to ignore the whole office of a pleading and compel parties to try their cases in the dark, informing them for the first time after the wrong is irremediable of the issue which they should have tried. The pleadings

were not amended and they could not lawfully be amended in a material·respect except at a time which would give the party against whom the amendment is allowed a right and opportunity to meet by proof the allegations made against. him.    There are cases which having proceeded in disregard of the pleadings and wherein the whole case has been presented by both parties in their proofs without objection, in which an amendment has been allowed, after the evidence is closed,. to conform the pleadings to the proofs ; so also where the court. can see that a trial has been had upon the real issue without. objection, it will not disturb a recovery upon the ground that. it was not embraced in the pleadings ; but when the objection has been properly taken or·an exception presents the question . it is fatal to a recovery that it does not conform in all material respects to the allegations of the pleadings."

The balance of the opinion is taken up with a discussion of the evidence, the court coming to the conclusion that it did not warrant the finding of the referee that the defendant. agreed with the plaintiff to erect a building either by himself or through a club, or that plaintiff's plans were accepted or· adopted within the meaning of those terms in the contract,. as found by the referee.

*Edward W. Paige* for appellant.

*Theron G. Strong* for respondent.

Ruger, Ch. J., reads for reversal and new trial.
All concur except Andrews, J., not voting.
Judgment reversed.

---

William D. Lindsay, Respondent, *v.* The Brooklyn City and Newtown Railroad Company, Appellant.

(Argued January 30, 1888; decided February 28, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order