THE CANTON BRICK COMPANY, Respondent, *v.* ALFRED A. HOWLETT, Appellant, Impleaded with Others.

TRIAL — JUDGMENT UPON ISSUE NOT PRESENTED ERRONEOUS. Upon the trial of an action brought by a judgment creditor to set aside an assignment as fraudulent and void, a finding that after the payment of disbursements and secured claims there remained in the hands of the assignee a surplus in excess of the amount due plaintiff is erroneous, when there is nothing in the record, either in the claims of plaintiff's counsel or the rulings of the referee, to show that the issue as to the existence and amount of surplus was presented, and a judgment directing that plaintiff be paid out of the surplus must be reversed.

*Canton Brick Co.* v. *Howlett*, 53 App. Div. 649, reversed.

(Argued December 13, 1901; decided December 21, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

August 1, 1900, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jerome L. Cheney* for appellant. The referee having found as a fact that the defendant Howlett did not participate in the fraudulent intent of the Homers in making the assignment, the complaint which seeks to set aside the assignment as fraudulent and void as to creditors should have been dismissed, and it was erroneous to grant a judgment against the defendant Howlett upon the theory that the assignment and contract are valid and the evidence shows that there is money in his hands belonging to Homer & Co. (*Truesdell* v. *Bourke,* 145 N. Y. 612; *De Graw* v. *Elmore,* 50 N. Y. 1; *Ross* v. *Mather,* 51 N. Y. 118; *Barnes* v. *Quigley,* 59 N. Y. 265; *Stevens* v. *Mayor, etc.,* 84 N. Y. 296; *Wheelock* v. *Lee,* 74 N. Y. 495; *Dudley* v. *Cong. of St. Francis,* 138 N. Y. 451; *Clark* v. *Post,* 113 N. Y. 17; *Bradley* v. *Aldrich,* 40 N. Y. 504; *Graham* v. *Reed,* 57 N. Y. 681.) The affirmance in this case not having been unanimous in the Appellate Division, this court is not debarred from examining the facts for the purpose of determining, as a matter of law, whether there was any evidence whatever upon which to base the findings necessary to sustain the judgment. (*Warn* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 525.) The referee committed error in the admission and rejection of evidence. (*O'Brien* v. *McCann,* 38 N. Y. 373.)

*M. B. Jewell* for respondent. The complaint was broad enough to embrace the relief which was granted by the court. (*Sherman* v. *Foster,* 158 N. Y. 587; *Howard* v. *Leonard,* 3 App. Div. 277; Code Civ. Pro. §§ 1207, 1871, 1873; *Valentine* v. *Richardt,* 126 N. Y. 272; *Murtha* v. *Curley,* 90 N. Y. 208; *Van Rensselaer* v. *Van Rensselaer,* 113 N. Y. 208; *Bell* v. *Merrifield,* 109 N. Y. 202; *Conaughty* v. *Nichols,* 42 N. Y. 88; *Parker* v. *Pullman & Co.,* 36 App. Div. 208;

*Emery* v. *Pease*, 20 N. Y. 62; *Williams* v. *Slote*, 70 N. Y.
601.) The rendition of a personal judgment against the
appellant for the amount of the plaintiff's claim was a proper
disposition of the case. (Waite on Fraud. Conv. [3d ed.]
§ 137; Code Civ. Pro. §§ 1871, 1873; *Howard* v. *Leonard*, 3
App. Div. 277; *Murtha* v. *Curley*, 90 N. Y. 372; *Valentine*
v. *Richardt*, 126 N. Y. 272; *Russell* v. *McCall*, 141 N. Y.
447; *Popfinger* v. *Yutte*, 102 N. Y. 38; *Tolles* v. *Wood*, 99
N. Y. 616.)

CULLEN, J. The plaintiff, a judgment creditor of the firm
of Homer & Company, after the return of an execution
unsatisfied, brought this action against the members of the
firm and the defendant, Alfred A. Howlett, to have an
assignment made by said firm to said Howlett of three con-
tracts for the repaving of streets in the city of Syracuse
declared fraudulent and void as against its judgment. It fur-
ther asked that the defendant Howlett be restrained from
the further performance of the contracts and be directed
to account for all moneys received thereunder. Howlett
answered denying all fraud. The assignment provided that
the assignee, after reimbursing himself for all outlays made in
the performance of the work, should, out of the net proceeds
thereof, pay three debts from the assignors to certain corpora-
tions in which the assignee was interested, and then pay the
surplus, if any, over to the assignors or into any court of com-
petent jurisdiction. Howlett performed the work, but at the
time this action was begun had received nothing from the city
of Syracuse in payment therefor. Subsequently, and after
giving a bond in the sum of $25,000 to keep the streets in
repair during the period of ten years as required by the con-
tract, he was paid in full. The issue of fraud was tried before
the referee, who found that while the intent of the assignors
was to hinder and delay their creditors, the assignee, Howlett,
acted in good faith, in ignorance of such intent on the part of
his assignors and for the sole purpose of securing the payment
of the claims specified in the assignment. The referee, how-

ever, further found that there remained in the hands of the defendant, Howlett, out of the moneys received by him on the contract, a surplus over and above the amount necessary for the payment of his disbursements and the secured claims in excess of the sum due to the plaintiff. He directed judgment that the defendant pay the plaintiff's judgment with the costs of the action and that he credit himself with the amount of such payments as against his assignors, Homer & Company. From that judgment the defendant Howlett appealed to the Appellate Division, where the decree below was affirmed by a divided court.

The plaintiff as a judgment creditor of Homer could doubtless have maintained an action to reach any surplus proceeds of the contract in the hands of Howlett, as such surplus would be an equitable asset of the firm. If such an action had been brought, the referee's decision would have been justified. But the present action was not of that character. Its object was to declare the assignment fraudulent and void, while the judgment recovered has proceeded on an affirmance of the assignment. A party must recover *secundum allegata et probata*, not only according to his proofs, but according to his allegations. (*Stevens* v. *Mayor, etc.; of N. Y.*, 84 N. Y. 296; *Clark* v. *Post*, 113 N. Y. 17.) It may be that the complaint could have been framed with a double aspect, that is to say, the plaintiff might have also asked that in case the assignment should be held valid an account be taken of the expense of the performance of the work, and that any surplus after the payment of the secured claims should be applied on his judgment. No such relief was asked for. It may also be that the referee might have granted an amendment to the complaint so as to enable the plaintiff to obtain full relief, but amendment was neither sought nor granted. The result of this course of procedure is that the appellant has been held liable for a surplus which he contends does not exist and as to the issue of the existence of which he has never had his day in court. Some evidence was taken as to the cost of the performance of the contract, but of the most general character. This evidence

was admitted against the appellant's objection and exception. We think it was properly admitted, for it bore on the question of whether the assignment was fraudulent. But we look in vain through this record to find anything either in the claims of the plaintiff's counsel or the rulings of the referee that should have apprised the appellant that the existence and the amount of a surplus were being litigated. It is true that the referee might have proceeded to take the account and was not obliged to render an interlocutory judgment directing an accounting. (*Russell* v. *McCall*, 141 N. Y. 437.) But if we concede that the defendant was required to take the risk of such a course on the part of the referee, though no notice thereof had been given him, and was, therefore, bound to produce his proof as to the state of the account on the trial of the main issue, that concession does not dispose of the present case. The amount of the secured claims exceeded twelve thousand dollars. If the assignment had been declared fraudulent, the preference of these claims would have fallen. The defendant might be perfectly willing to concede that the excess of the contract price over the cost of performance was sufficient to pay the plaintiff's claim. But whether there would have been a surplus after also paying the preferred claims was a very different question. That issue has never fairly been presented to the appellant for litigation.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY and HAIGHT, JJ., concur; O'BRIEN, LANDON and WERNER, JJ., dissent.

Judgment reversed, etc.