LEWIS N. NORTHAM, as Assignee of WALLACE G. NORTHAM, Respondent, *v.* THE DUTCHESS COUNTY MUTUAL INSURANCE COMPANY OF POUGHKEEPSIE, Appellant.

INSURANCE (FIRE) — ACTION ON POLICY BY ASSIGNEE OF INSURED — WHEN EVIDENCE OF AGREEMENT TO INSURE ASSIGNEE'S INTEREST BY INDORSEMENT ON POLICY INADMISSIBLE.   In an action brought against a fire insurance company by an assignee for the benefit of creditors upon a policy issued to his assignor, it is reversible error to admit evidence, duly excepted to, of a verbal agreement between the assignee and an agent of the company, whereby the latter agreed to insure the assignee's interest in the property mentioned in the policy issued to his assignor by an indorsement thereon, if it could be obtained, or if not, by issuing a binding slip or paper " which would keep the insurance all right and insure him from that time," where no amendment to conform the pleadings to the proof was asked for : and it is also error to submit the case to the jury upon the theory that the plaintiff might recover if the jury should find that such an agreement was made.

*Northam* v. *Dutchess Co. Mutual Ins. Co.,* 79 App. Div. 644, reversed.

(Argued October 26, 1903; decided December 18, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 29, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion and in a report of this case on a former appeal in 166 New York, 319.

*Horace McGuire* for appellant. It was error to receive proof of a waiver of the condition of the policy under the pleadings. (*Todd* v. *U. C. Co.*, 70 App. Div. 52; *Baxter* v. *B. Ins. Co.*, 44 Hun, 184.)

*N. F. Breen* for respondent. It was not error to receive proof of waiver of the condition under the pleadings. (*Manchester* v. *G. A. Co.*, 151 N. Y. 188; *Northam* v. *I. Ins. Co.*, 45 App. Div. 177.)

Martin, J. The complaint was plainly upon the policy issued by the defendant and not for damages for the breach of a verbal contract between the parties. There was evidence to show that, in consideration of the plaintiff's promise to pay the unpaid premium, the defendant agreed to insure the plaintiff's interest in the property mentioned in the policy issued to his assignor, by a proper indorsement upon such policy if it could be obtained, or if not, by issuing a slip or paper to him which "would keep the insurance all right and insure him from that time." If the action had been based upon that contract, the proof was sufficient to have justified the jury in finding for the plaintiff. (*Ellis* v. *Albany City F. Ins. Co.*, 50 N. Y. 402; *Angell* v. *Hartford F. Ins. Co.*, 59 id. 171; *Ruggles* v. *Am. Cent. Ins. Co.*, 114 id. 415; *Manchester* v. *Guardian Assur. Co.*, 151 id. 88; *Squier* v. *Hanover F. Ins. Co.*, 162 id. 552; *Hicks* v. *British Am. Assur. Co.*, 162 id. 284; *Northam* v. *International Ins. Co.*, 45 App. Div. 177; affd. on opinion below, 165 N. Y. 666.)

But the action was based upon the policy alone, and it is obvious that the proof was insufficient to establish a valid transfer or continuance of the policy in accordance with its requirements and provisions.

This does not fall within the class of cases where, although the complaint is insufficient, the proof is sufficient to authorize a recovery and is admitted without objection, and where the pleadings may be amended to conform to the proof. In this case the plaintiff failed to prove the cause of action alleged, and the evidence tending to establish a different cause of

action was objected to upon the ground that it was inadmissible under the pleadings and no amendment was asked for. In such a case, if the plaintiff fails to prove the cause of action set up in his complaint and proper objections are made upon the trial, and no amendment of the pleading is asked for or ordered, a judgment in the plaintiff's favor upon a cause of action not alleged cannot be sustained on appeal, nor after trial can the pleadings be conformed to the proof. (*Southwick* v. *First Nat. Bank of Memphis*, 84 N. Y. 420; *Truesdell* v. *Sarles*, 104 id. 164, 167; *Pope* v. *Terre Haute Car and Mfg. Co.*, 107 id. 61; *Freeman* v. *Grant*, 132 id. 22, 28; *Reed* v. *McConnell*, 133 id. 425, 434; *Bradt* v. *Krank*, 164 id. 515, 519.)

Therefore, it is manifest that the learned trial court erred in admitting, under the defendant's objection and exception, evidence of the verbal agreement between the parties, and also in submitting the case to the jury upon the theory that the plaintiff might recover if the jury should find that such an agreement was made.

The defendant's exceptions to the admission of that evidence and to the charge of the court in that respect were well taken and require a reversal of the judgment.

The judgment should be reversed and new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.