### SILVERT v. KOMMEL.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

BROKERS (§ 82*)—ACTION FOR COMMISSION—VARIANCE.

 In an action for commissions for purchase of realty, where the theory of the complaint was that plaintiff was employed by the owner to procure a sale, and that defendant agreed that, if plaintiff gave him information as to property defendant desired to purchase, he would purchase only through plaintiff as broker, so as to enable him to earn a commission from the seller, but that defendant bought without informing the seller that plaintiff brought about the sale, so as to cause him to lose commissions from the seller, evidence that defendant's agreement was that, if plaintiff should not receive a commission from the seller on property purchased by defendant, the latter would pay it, went to establish an entirely different contract, and was not admissible.

 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

Appeal from Trial Term, New York County.

Action by Isidore Silvert against Louis Kommel. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

See, also, 131 App. Div. 902, 115 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Isidor Cohn (Jacob I. Berman, on the brief), for appellant.
Jacob Manheim, for respondent.

CLARKE, J. The plaintiff is the assignee of one Fonrow. The complaint alleges that in August, 1905, defendant requested Fonrow, a real estate agent and broker, to seek out and call to the attention of the

defendant tenement houses which the owners might be willing to sell, and to ascertain for him the asking price, mortgages, rental, and description of such tenement houses for sale; that, in consideration of the services of said Fonrow to be rendered as aforesaid, the defendant promised and agreed that, if he purchased any of such tenement houses brought to his attention by Fonrow, he would purchase such tenement houses only through Fonrow, as broker, and thus enable Fonrow to earn the usual brokerage or commission on the sale of real estate; that, in pursuance of the request and said promise and agreement on the part of the defendant, Fonrow entered upon such employment and brought to the attention of the defendant two certain tenement houses, 417-419 East Twelfth street, and ascertained and communicated to the defendant a description of said premises, as well as the mortgages thereon, the rental thereof, and the asking price, and was ready, willing, and able and offered to the defendant to do all things necessary, as broker, to bring about the sale of said premises by the owner thereof to the defendant; that the defendant failed and refused to avail himself further of such services of Fonrow in the purchase of said premises, but without his knowledge entered into negotiations with the owners and did purchase the same at the consideration or purchase price of $91,500, without apprising the owners of said premises of the fact that the same had been brought to his attention by the plaintiff, and thereby procuring said premises at a net reduced price, from the fact that such owners were not to pay any commission on the sale of such premises; that the owners of said premises had employed the said Fonrow to procure the sale thereof, and, if the defendant had carried out his said promise and agreement and had purchased said premises only through him as broker, Fonrow would have earned from the owners of said premises on the sale thereof to the defendant the sum of 1 per cent. on the amount of the purchase price, amounting to at least $925, the usual and customary brokerage commission on the purchase and sale of real estate; and that, through the acts aforesaid of the defendant, Fonrow lost the said sum which otherwise would have been earned by him, and was damaged in the sum of at least $925, for which judgment was demanded. The answer was a general denial.

The theory of the complaint is that Fonrow was employed by the owner of the property to procure a sale; that defendant agreed that, if Fonrow should give him the particulars of property which defendant desired to purchase, he would purchase only through Fonrow as broker, and thus enable Fonrow to earn a commission from the seller; that defendant bought without apprising the seller that Fonrow was the broker who had brought about the sale, and thereby Fonrow had suffered damage by having been prevented from earning his commission from the seller, and so had a cause of action for his damages. The claim presented by the evidence was entirely different, namely, that defendant's promise was that, if Fonrow should not get a commission from the seller, defendant would pay it.

Fonrow testified that the defendant said to him:

"As, therefore, you are recommended to me by Mrs. Goldman, I will try and give you a chance; but you should not get me any property from any real estate office, as I wouldn't deal with any real estate office. You should go out

and get me some property direct from the owners, and you should get me the owner's name. You should get me the whole particulars, belonging, as the size of the lot, the mortgages, the rental, the owner's name, and you should bring it to me; and I will look it through, and in case I will like this property, or any of them that you will bring to me, and I will buy any of the property that you are bringing to me, and you will make the commission. And in case I will buy such property, and you will bring it to me, without you, and you will not get any commission from the other side, then I will pay you for commission."

This was objected to upon the ground that it was at variance with the complaint; that there was no allegation in the complaint that defendant was to pay Fonrow any commission; no allegation that he employed him; the only allegation being that the seller employed him. The court admitted the testimony as part of the res gestæ. There was an exception, and then defendant's counsel said:

"Will your honor do this then in your charge, if it should go to the jury, will you exclude this particular cause of action? The Court: As I intimated already, the evidence is received, not for the purpose of allowing the plaintiff to recover upon another cause of action, but the evidence is received because it is part and parcel of the conversation which plaintiff claims resulted in his employment by the defendant."

At the close of the case defendant's counsel made this request:

"I ask your honor to take from the consideration of the jury that part of the testimony with reference to that if he did not receive any commission from the seller that he would pay it, and I ask your honor to charge the jury that they should not take that into consideration under any circumstances, because it is not a ground of complaint."

The court refused, and defendant excepted.

The court in its charge repeated the testimony of the plaintiff:

"I will buy only through you, and you will make the commission. And in case I will buy such property, and you will bring it to me, without you, and you will not get any commission from the other side, then I will pay you for commission."

And stated:

"Upon that basis the plaintiff claims that, because he was deprived of the opportunity of selling the property, he lost the opportunity of earning the commission, and that, under the special contract which was made, he (the plaintiff's assignor) was entitled to the sum of $915.

And he left the precise issue to be determined in these words:

"The burden is upon the plaintiff to prove by a fair preponderance of the evidence that the defendant promised and agreed that the plaintiff's assignor should, if he purchased any property to which his attention was called by the plaintiff's assignor, get his commission, and that, if he did not get his commission from the seller, he (the defendant) would pay it. I repeat, the burden of proving such a contract, or anything similar to it, is upon the plaintiff. * * * "

It is clear that there was submitted to the jury, and they have rendered a verdict upon, a cause of action not stated in the complaint. In Brightson v. Claflin & Co., 180 N. Y. 76, 72 N. E. 920, the court said:

"We think that the plaintiff did not recover secundum allegata et probata, and that this rule was violated at the trial, since the evidence was received under the defendant's objection. Southwick v. First Nat. Bank of Memphis, 84 N. Y. 420; Romeyn v. Sickles, 108 N. Y. 650 [15 N. E. 698]; Day v. Town

of New Lots, 107 N. Y. 148 [13 N. E. 915]. In these cases it was held that it is a fundamental rule that a judgment should be secundum allegata et probata, and that any departure from that rule is certain to produce surprise, confusion, and injustice. It was said with much force that pleadings and distinct issues are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose other than to insnare and mislead his adversary."

In Northam v. Dutchess County Mutual Ins. Co., 177 N. Y. 73, 69 N. E. 222, the court said:

"In this case the plaintiff failed to prove the cause of action alleged, and the evidence tending to establish a different cause of action was objected to upon the ground that it was inadmissible under the pleadings and no amendment was asked for. In such a case, if the plaintiff fails to prove the cause of action set up in his complaint, and proper objections are made upon the trial, and no amendment of the pleadings is asked for or ordered, a judgment in the plaintiff's favor upon a cause of action not alleged cannot be sustained on appeal, nor after trial can the pleadings be conformed to the proof."

It seems clear that the evidence objected to was improperly admitted, that it was error to refuse the request to charge alluded to, and that the case was submitted to the jury upon a theory inconsistent with the complaint and in violation of the fundamental rule stated in the cases cited.

We are also of the opinion that, even upon the theory followed at the trial over the objection of the defendant, the verdict was against the weight of evidence.

For these reasons, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.