LOREN J. LAMPHERE, as Receiver of the CANADAWAY
FERTILIZER COMPANY, Respondent, *v.* LOUIS J. LANG,
Appellant.

Stock corporations — subscription for stock — action to recover
upon such subscription by receiver of the corporation — erroneous
admission of evidence and direction of verdict for plaintiff.

This action is brought to recover upon a stock subscription. The
complaint alleges that the defendant became a subscriber to the
capital stock of the corporation of which plaintiff is the receiver and
thereby agreed to take a certain number of shares of stock and "to
pay  *  *  *  therefor the sum of one thousand dollars as required
by law and the orders of the directors;" that a stock certificate was
issued to him which represented the stock as fully paid for, but that
the defendant did not in fact pay for the same either in money,
property or services. The complaint also contains an allegation
that the officers and directors of the company " well knew that said
stock was not fully paid and that such issue was in fraud of credit-
ors and contrary to law." Plaintiff under objection and without
amendment to the complaint, was allowed to give evidence for the
purpose of showing that the defendant had wrongfully converted
the stock so that he could be held on an implied agreement to pay
therefor, and a verdict was directed for plaintiff. *Held,* that the
complaint states a cause of action on contract, and the allegations
of fraud are not necessary to the pleading and may be rejected as
surplusage; defendant cannot be held liable for a fraudulent issue
of stock on a complaint alleging that he subscribed for the stock
and expressly agreed to pay par for the same, and that the evidence
was erroneously admitted and the direction of a verdict improper.

*Lamphere* v. *Lang*, 157 App. Div. 306, reversed.

(Argued December 2, 1914; decided January 19, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered May 22, 1913, affirming a judgment in favor of
plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Joseph C. White* for appellant. The complaint fails to state facts from which fraud can be found or inferred, and the mere general allegations of fraud are of no value as stating a cause of action. (*Van Weel* v. *Winston,* 115 U. S. 228; *Cohn* v. *Goldman,* 76 N. Y. 284; *Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *Wood* v. *Armory,* 105 N. Y. 278; *Knowles* v. *City of New York,* 176 N. Y. 437.)

*Nelson J. Palmer* and *Thomas H. Larkins* for respondent.

CUDDEBACK, J. This action is brought by the plaintiff as the receiver of the Canadaway Fertilizer Company, an insolvent corporation, against the defendant, who is a director of the company, to recover upon a stock subscription. The complaint alleges that the defendant became a subscriber to the capital stock of the corporation and "thereby agreed to take the number of ten shares each share being of the par value of one hundred dollars, and agreed to pay * * * therefor the sum of one thousand dollars as required by law and the orders of the directors;" and that a stock certificate was issued by the corporation to the defendant which represented the stock as fully paid for, but that the defendant did not in fact pay for the same either in money, property or services. The complaint also contains an allegation that the officers and directors of the company "well knew that said stock was not fully paid and that such issue was in fraud of creditors and contrary to law."

The complaint plainly states a cause of action on contract, and that is the nature of the obligation which a subscriber to stock in a corporation assumes to the company. (*Southworth* v. *Morgan,* 205 N. Y. 293; *Christensen* v. *Eno,* 106 N. Y. 97.) The allegations of fraud are not necessary to the pleading and may be rejected as surplusage. (*Sparman* v. *Keim,* 83 N. Y. 245.)

On the trial of the action the defendant proved that the ten shares were issued to him by the corporation pursuant to a resolution of the board of directors, which recited in substance that each of the seven directors of the company had contributed liberally of his time and energy in the formation of the corporation and had since contributed liberally in services and otherwise for its benefit and that they were all willing to accept stock of the corporation in payment, and, therefore, it was resolved that the secretary be authorized to issue to each of the directors ten shares of the capital stock in payment for the services and contributions mentioned and for no other consideration whatsoever.

After the resolution was received in evidence the plaintiff undertook to prove that the defendant had rendered no services to the company except as a promoter in its organization and that the stock was issued unlawfully. (*Herbert* v. *Duryea,* 34 App. Div. 478; affd., 164 N. Y. 596; *Stevens* v. *Episcopal Church History Co.,* 140 App. Div. 570.) The avowed object of the plaintiff was to show that the defendant had wrongfully converted the stock and that he could be held on an implied agreement to pay therefor. No application was made for leave to amend the complaint. The defendant strenuously objected to the introduction of this proof on the ground that it was not authorized by the allegations of the complaint. His objections were overruled and the evidence taken. The exceptions to that ruling are relied on in this court as showing error.

At the conclusion of the trial the court, over the defendant's objection that there was a failure to prove the cause of action alleged in the complaint, directed a verdict against him for the par value of the ten shares of stock issued under the resolution of the directors, and to this ruling the defendant also excepted.

If the defendant, as a director of the company, had been guilty of a fraudulent issue of stock, he might have

been held liable upon a complaint setting forth the facts constituting the fraud. He certainly cannot be held liable for that wrong on a complaint alleging that he subscribed for the stock and expressly agreed to pay par for the same. It is true the complaint says the stock certificate was issued by the company " in fraud of creditors and contrary to law," but these are merely denunciatory allegations which it has been held may be regarded as surplusage in an action on contract. (*Sparman* v. *Keim, supra.*)

In my judgment the defendant's exceptions to the admission of evidence and to the direction of a verdict were well taken. The evidence admitted did not tend to establish the cause of action set forth in the complaint and the judgment did not follow the allegations of the complaint. The law on the subject is clear. " ' Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would serve no useful purpose  *  *  *." (*Romeyn* v. *Sickles,* 108 N. Y. 650, 652.) " The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, ' *secundum allegata et probata,*' is fundamental in the administration of justice. Any substantial departure from this rule is sure to produce surprise, confusion and injustice." (*Day* v. *Town of New Lots,* 107 N. Y. 148, 154; *Northam* v. *Dutchess Co. Mut. Ins. Co.,* 177 N. Y. 73.)

I recommend that the judgment appealed from be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, MILLER and CARDOZO, JJ., concur.

Judgment reversed, etc.