CHARLES M. WALRATH, Respondent, v. HANOVER FIRE INSURANCE COMPANY, Appellant.

Pleading — when complaint clearly and definitely states cause of action for breach of an executed contract, judgment for violation of an oral agreement, constituting an executory contract, will not be sustained — error to permit plaintiff at close of evidence to amend complaint so as to change cause of action.

1. If by giving to the language of a complaint as liberal a construction in plaintiff's favor as it will reasonably bear, it states facts showing that a remedial wrong of a civil nature of some kind has been done him, and it appears that some form and measure of judicial redress is due him, the complaint states a cause of action. But in case a complaint proceeds on a definite, clear and certain theory, it will not support or permit of another theory because it contains isolated or subsidiary statements consistent therewith. A

party must recover not only according to his proofs, but according to his pleadings.

2. Where, in an action against a fire insurance company, the facts stated in the complaint do not, under liberal rules of interpretation, constitute a wrong done the plaintiff by reason of the failure of the defendant to perform an oral agreement to insure the buildings of the plaintiff, but establish with clarity and certainty that the defendant did, by its executed contract, actually insure the plaintiff against loss by the burning of its buildings, and attempted wrongfully, and hence, ineffectually, to cancel a contract, a judgment for plaintiff cannot be sustained upon a finding that the defendant made and violated an oral agreement to insure plaintiff's buildings and deliver the policy to the mortgagee.

3. Where, at the close of the entire evidence in such case, the court permitted the plaintiff, under the proper objection and exception of the defendant, to insert in the complaint, as an amendment, allegations to the effect that the defendant agreed to deliver the policy of insurance and had failed and neglected to perform that agreement, such ruling constitutes reversible error. The complaint could be amended only at a time which would give the defendant a right and opportunity to meet by proof the allegations made against it. Moreover, it was error to permit at the trial an amendment which changed substantially the claim made in the complaint.

*Walrath* v. *Hanover Fire Ins. Co.*, 153 App. Div. 921, reversed.

(Argued October 19, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 27, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick B. Campbell* and *Paul C. Whipp* for appellant. The complaint unamended does not declare upon an oral contract for insurance, but is limited to a demand upon a written policy of insurance. (*Northam* v. *D. C. Mut. Ins. Co.*, 177 N. Y. 73.) The amendment of the complaint at the conclusion of the trial to conform the pleadings to the proof was improperly allowed. (*Romeyn*

v. *Sickles,* 108 N. Y. 650; *Audley* v. *Townsend,* 126 App. Div. 431; *Bossert* v. *Poerschke,* 51 App. Div. 381; *Beard* v. *Tilghman,* 66 Hun, 12; *Rutty* v. *Consolidated Fruit Jar Co.,* 52 Hun, 492; *Bjorkegren* v. *Kirk,* 53 Misc. Rep. 560; *Northam* v. *Dutchess Co. Mut. Ins. Co.,* 177 N. Y. 73; *Hill* v. *London Assur. Corp.,* 26 Abb. [N. C.] 203; *Carroll* v. *Collins,* 6 App. Div. 106; *Law* v. *Pemberton,* 9 Misc. Rep. 219; *Connecticut Fire Ins. Co.* v. *Kinne,* 77 Mich. 231; *Roberts* v. *Germania Fire Ins. Co.,* 71 Ga. 478.)

*Michael D. Reilly* and *William E. Woollard* for respondent. The complaint was amply sufficient to authorize a recovery on the theory of an oral contract to renew the previous policy issued by the defendant. (*Marshall* v. *R. F. Ins. Co.,* 78 Hun, 83; 149 N. Y. 617; *Manchester* v. *Guardian Assur. Co.,* 151 N. Y. 88; *Northam* v. *D. C. Ins. Co.,* 177 N. Y. 73; *Rochester Ry. Co.* v. *Robinson,* 133 N. Y. 242; *Conaughty* v. *Nichols,* 42 N. Y. 83; *Greentree* v. *Rosenstock,* 61 N. Y. 583; *Neftel* v. *Lightstone,* 77 N. Y. 96; *Conner* v. *Philo,* 117 App. Div. 349; *Booth* v. *Englert,* 105 App. Div. 284; *Town of Green Island* v. *Williams,* 79 App. Div. 260.)

COLLIN, J.   The plaintiff recovered at the Trial Term a judgment for damages sustained by reason of a breach by the defendant of a contract to insure against loss by fire buildings of the plaintiff.   The Appellate Division affirmed the judgment.   The appellant asserts that it is aggrieved by the judgment, because the complaint alleges, it asserts, as the cause of action, a breach by the defendant of an executed contract whereby it did insure against fire the buildings of the plaintiff.   It preserved throughout the trial by objections and exceptions the right to urge here its assertion.

The complaint consists of twenty-two numbered paragraphs.   The first five state formal facts.   Following

thereupon are, in effect, the statements: On May 13, 1905, the defendant, through its general agents, Russell & Son, insured by a policy of fire insurance in the standard form prescribed by the laws of the state, payable to one Stedman as mortgagee, for a term of three years, the buildings of the plaintiff in expressed amounts. May 14, 1908, the plaintiff notified Russell & Son, he being unnotified and ignorant of the termination of and relying upon their agency, that he desired the policy renewed for a further term of three years and accepted the renewal of said policy from them. They procured the issuance by the actual general agents of defendant of a policy of fire insurance numbered 378465, in form like unto the policy which expired May 15, 1908, by which defendant insured for a term of three years from May 15, 1908, the buildings. The plaintiff at the time of taking said insurance and since had an interest, as owner, in the buildings exceeding the amount of said insurance. July 12, 1908, and while said policy of insurance was in force, the buildings entirely burned. The plaintiff has duly fulfilled all the conditions of said insurance on his part to be performed, except paying the premium, the time for which was extended. He duly made and served the proofs of loss required by said policy of insurance. The interest of said Stedman in the property and in the insurance thereon aforesaid was superior to his interest, and Stedman transferred to him prior to the commencement of the action the claim against defendant arising out of said loss on the policy of insurance aforesaid. Payment of said loss has been duly demanded from the defendant, but no part has been paid. On May 14, 1908, Russell & Son having obtained possession of the policy of insurance numbered 378465 from the general agents of the defendant, sent the plaintiff a bill for the premium and fraudulently and falsely represented therein that they on behalf of defendant issued the policy and delivered it to Stedman. After May 14, 1908, the general agents notified

Russell & Son that the defendant had elected to cancel the policy. Russell & Son fraudulently concealing from the plaintiff and Stedman the desire of the defendant to cancel the policy, on or about May 23, 1908, surrendered said policy to the general agents and the defendant on or about May 23, 1908, wrongfully and unlawfully assumed to cancel it. The plaintiff, by reason of his ignorance of the termination of the agency of Russell & Son, in directing and in accepting the renewal of the policy of insurance acted and continued to act, until after the loss by fire, in reliance upon the general agency of Russell & Son and the issuance by them as general agents of the defendant of the new policy numbered 378465. Under the charge of the trial court, the verdict was based upon the finding that the defendant made and violated an oral agreement to insure the buildings and deliver the policy to the mortgagee. The complaint does not state facts constituting or if proved establishing such an agreement.

The rules of the Code of Civil Procedure prescribing the requirements of a complaint in a civil action are simple and liberal. (§§ 481, 519.) The right of a plaintiff to bring and recover in the action is constituted of certain facts — the facts which constitute the civil wrong he believed had been caused him by the defendant, and his claim for redress. He must state in his complaint plainly and concisely those facts. He need not classify or denominate the wrong nor ask for the precise relief which the law awards nor confine his statement to the facts which are essential to his claim. If the complaint, by giving to the language of it as liberal a construction in his favor as it will reasonably bear, states facts showing that a remediable wrong of a civil nature of some kind has been done him, and that some form and measure of judicial redress is due him, it states a cause of action. (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *Milliken* v. *Western Union Tel. Co.*, 110 N. Y. 403; *Coatsworth* v. *Lehigh Valley Ry. Co.*, 156 N. Y. 451;

*Greentree* v. *Rosenstock,* 61 N. Y. 583; *Neftel* v. *Light-stone,* 77 N. Y. 96; *Conaughty* v. *Nichols,* 42 N. Y. 83.) The language must state those facts with a certainty and completeness sufficient, under the rule of construction already stated, to give the defendant fair and reasonable information of the particular acts constituting the wrong done the plaintiff by him, so as to enable him to plead and prepare his defense, and the court to properly control and guide the trial of the action.

The facts stated in the present complaint do not, under the liberal rules of interpretation, constitute a wrong done the plaintiff by reason of the failure of the defendant to perform an oral agreement to insure the buildings of the plaintiff. Those facts establish with clarity and certainty that the defendant did by its executed contract actually insure the plaintiff against loss by the burning of his buildings, and attempted wrongfully and unlawfully, and hence ineffectually, to cancel the contract. The difference between an executed contract insuring the plaintiff and an executory agreement that it will insure him is manifest.

It is fundamental that in civil actions the plaintiff must recover upon the facts stated in his complaint, or not at all. In case a complaint proceeds on a definite, clear and certain theory, it will not support or permit of another theory because it contains isolated or subsidiary statements consistent therewith. A party must recover not only according to his proofs but according to his pleadings. (*Northam* v. *Dutchess Co. Mut. Ins. Co.,* 177 N. Y. 73; *Canton Brick Co.* v. *Howlett,* 169 N. Y. 293; *Brightson* v. *Claflin Co.,* 180 N. Y. 76; *Southwick* v. *First Nat. Bank of Memphis,* 84 N. Y. 420.)

At the close of the entire evidence the court permitted the plaintiff, under the proper objection and exception of the defendant, to insert in the complaint, as an amendment, allegations to the effect that the defendant agreed to deliver the policy of insurance and had failed and

neglected to perform that agreement. The defendant, as we have stated, objected throughout the trial to the admissibility of the evidence in proof that the defendant made a parol agreement to insure the plaintiff and violated it. The complaint could be amended only at a time which would give the defendant a right and opportunity to meet by proof the allegations made against it. (*Romeyn* v. *Sickles,* 108 N. Y. 650; *Lamphere* v. *Lang,* 213 N. Y. 585; *Audley* v. *Townsend,* 126 App. Div. 431.) Moreover, it was error to permit at the trial an amendment which changed substantially the claim made in the complaint. (*Dexter* v. *Ivins,* 133 N. Y. 551; *Spies* v. *Lockwood,* 40 App. Div. 296; Code of Civil Procedure, § 723.)

The judgment should be reversed and a new trial granted, costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, HOGAN, CARDOZO and POUND, JJ., concur; SEABURY, J., dissents.

Judgment reversed, etc.