ELIZABETH BEER, as Administratrix, etc., of ADOLPH BEER, Deceased, Respondent, *v.* CLYDE STEAMSHIP COMPANY, Appellant.

First Department, March 27, 1925.

Pleadings — complaint — amendment on trial to conform to proof — action to recover for death of plaintiff's intestate who was killed on board ship when gunpowder exploded — fire broke out on board and gunpowder was moved to deck — gunpowder was spilled on deck and was probably ignited by lighted match thrown on deck by longshoreman — error to permit amendment of complaint at close of case so as to charge negligence in not causing removal from deck of gunpowder that leaked from packages — neither complaint nor bill of particulars charge negligence on that ground — claim of surprise not disproved by fact that defendant had knowledge that it had been previously stated that loose powder caused explosion.

In an action to recover for the death of plaintiff's intestate, first mate on a steamship, who was killed when powder on board exploded, in which it appears that a fire broke out in the ship, that the powder was moved from the hold to the deck, that in the process some of it leaked out on the deck, and that the loose powder was probably ignited by a match thrown on the deck by a longshoreman, it was error for the court to permit an amendment to the complaint at the close of the case to conform to the proof, so as to charge that the defendant was negligent in failing to remove the loose powder from the deck, since neither the complaint nor the bill of particulars alleged negligence on that ground.

The claim by the defendant of surprise when the motion to amend was made, was not disproved by the fact that the defendant had knowledge that at some time prior it had been stated that the explosion was caused by a lighted match thrown onto the loose powder on the deck.

APPEAL by the defendant, Clyde Steamship Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of May, 1924, upon the verdict of a jury for $30,000.

First Department, March, 1925.          [Vol. 212

*Haight, Smith, Griffin & Deming* [*Henry M. Hewitt* of counsel; *E. R. Kraetzer* with him on the brief], for the appellant.

*David M. Fink* and *Jacquin Frank* [*Harold R. Medina* of counsel; *Jacquin Frank* with him on the brief], for the respondent.

MARTIN, J.:

The plaintiff's intestate, Adolph Beer, was first mate of the steamship *Inca*. His death is alleged to have been caused by an explosion of gunpowder on that vessel while her cargo was being unloaded at San Pedro de Macoris, a port in the Dominican Republic.

At the conclusion of the testimony the trial justice, just before the summation and charge, permitted an amendment of the complaint purporting to conform the pleadings to the proof adduced. This was over defendant's objection, counsel asserting surprise and requesting an adjournment for the purpose of further preparation.

The testimony discloses the fact that on the day of the accident a fire was discovered in a compartment forward on the starboard side. Cases of gunpowder were stored in the compartment immediately adjoining. The captain with the aid of others removed the gunpowder to a place of safety on the deck. While this was being done some of the powder, which was black in color, fell from the boxes to the deck, which was also black. About twenty minutes later a native longshoreman, employed in connection with unloading cargo, threw a lighted match on the deck. It is surmised that it fell on loose gunpowder which had fallen from the boxes. An explosion followed, resulting in the injuries which caused the death of the first mate.

The complaint alleges that defendant was negligent because (1) the vessel was unseaworthy; (2) the place to work was insufficient and insecure; (3) gunpowder was unlawfully, carelessly and negligently stowed on the vessel without notifying the crew; and (4) the ways, works, means, plants and appliances were improper and insufficient. On none of these grounds is the recovery based.

The bill of particulars sets forth: (a) That the vessel was unseaworthy in that it unlawfully carried a cargo of gunpowder which was stored in a part of the vessel which had defective wiring; (b) the place to work was insufficient, insecure and dangerous because the vessel was unseaworthy as above; (c) the gunpowder was stored negligently and unlawfully, because it was stored without knowledge on the part of the crew and was not declared in the manifest; (d) it was stored in the " forepeak compartment; " (e) the ways, works, means and plant were improper because the vessel was defectively

insulated and the gunpowder was stored in a room defectively insulated; (f) the gunpowder was caused to explode by the negligence of a fellow-servant in igniting some of the gunpowder. This last specification was not justified by the complaint but was added thereto as an amendment at the opening of the trial.

After the introduction of all the evidence an amendment was permitted which was outlined by the trial justice as follows: " I will allow an amendment, charging the defendant with negligence in that the captain of the ship was negligent in not causing the powder which may have fallen out of these cases, or leaked out of them, as they were being moved, to be removed from the deck, and he failing to take proper precautions to warn all persons on those decks that loose powder was there, and in failing to exercise sufficient supervision to see that no one would light or throw a match down on those decks."

In denying the motion to set aside the verdict the trial court wrote: " I recognize that the amendment of the complaint allowed on the trial was drastic and that the exception to its allowance raises a serious question. Certainly, I should never have allowed it unless it had appeared that the defendant, through the examination previously made by the Federal authorities, was substantially informed of the facts contained in the amendment. This and the circumstance that the plaintiff's case rested entirely upon the testimony of a sailor, whose presence on another trial was problematic, prompt me to hold that the amendment was in furtherance of substantial justice and the motion to set aside the verdict is accordingly denied."

The allusion to previous information on the part of the defendant as to " the facts contained in the amendment " has reference, it is said, to a deposition of the captain taken before United States inspectors. This deposition was not offered in evidence but was exhibited to the trial justice.

The claim of surprise was overruled because information as to how the explosion occurred had come to defendant before the trial, although the amendment and the recovery presuppose a state of facts not indicated by the complaint or the bill of particulars. Defendant had been brought into court to defend itself against stated charges of negligence. After the evidence had been taken, plaintiff was permitted to make a complete shift to a charge of negligence not previously made in the action. Over defendant's objection that it had not prepared to meet this new claim and should be given an opportunity to do so, the case was sent to the jury and a recovery had on a theory as to the facts, which should

30

have been excluded in view of the specifications of negligence set forth in the bill of particulars.

Appellant's position is that it was prepared to meet and did meet the allegations of the complaint, but had no notice that 'entirely different grounds of recovery would be introduced or relied on by plaintiff.

In the case of *Lamphere* v. *Lang* (213 N. Y. 585, 588) the court said: " The evidence admitted did not tend to establish the cause of action set forth in the complaint and the judgment did not follow the allegations of the complaint. The law on the subject is clear. ' Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would serve no useful purpose * * *.' (*Romeyn* v. *Sickles*, 108 N. Y. 650, 652.) ' The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, " *secundum allegata et probata*," is fundamental in the administration of justice. Any substantial departure from this rule is sure to produce surprise, confusion and injustice.' (*Day* v. *Town of New Lots*, 107 N. Y. 148, 154; *Northam* v. *Dutchess Co. Mut. Ins. Co.*, 177 N. Y. 73.) "

In *Walrath* v. *Hanover Fire Ins. Co* (216 N. Y. 220, 225) the court said: " It is fundamental that in civil actions the plaintiff must recover upon the facts stated in his complaint, or not at all. In case a complaint proceeds on a definite, clear and certain theory, it will not support or permit of another theory because it contains isolated or subsidiary statements consistent therewith. A party must recover not only according to his proofs but according to his pleadings. (*Northam* v. *Dutchess Co. Mut. Ins. Co.*, 177 N. Y. 73; *Canton Brick Co.* v. *Howlett*, 169 N. Y. 293; *Brightson* v. *Claflin Co.*, 180 N. Y. 76; *Southwick* v. *First Nat. Bank of Memphis*, 84 N. Y. 420.) * * *.

" The complaint could be amended only at a time which would give the defendant a right and opportunity to meet by proof the allegations made against it."

A defendant has a right to know in due time what he must defend against, in order that he may prepare his case and submit his evidence. We are unable to concur in the reasoning of the trial justice that the claim of surprise was without merit because at some previous time it had been asserted that the explosion was caused as indicated above. Plaintiff had alleged in the complaint and amplified in the bill of particulars the negligence on which she relied. Whatever information defendant may have had, the fact is that from the complaint, as amplified by the bill, defendant

was without notice that plaintiff would seek to recover on the alleged state of facts embodied in the final amendment.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.