SIDNEY A. CLARKSON, as Executor, etc., of MARY J. LUSHER, Deceased, Respondent, v. WALTER R. LUSHER, Individually and as Executor, etc., of MARY J. LUSHER, Deceased, Appellant.— Action in equity brought by the plaintiff as executor of the last will and testament of Mary J. Lusher, deceased, here respondent, against Walter R. Lusher, individually and as executor of the same last will and testament, here appellant, to set aside an agreement in writing dated February 23, 1935, between the individual defendant and the deceased, husband and wife, and for an accounting by the individual defendant to the plaintiff for any and all moneys theretofore received by him from the decedent, with accrued interest up to the time of her death and thereafter, and for a direction that he pay over the aggregate of such sums to the executors. The court found that the execution of the agreement was induced by the fraud of the individual defendant and judgment was entered in favor of plaintiff (1) adjudging that the agreement was null, void and of no effect; and (2) that plaintiff recover of the defendant individually $503,105.53, including interest, and that plaintiff have execution therefor. Defendant appeals from the judgment and from an order denying his motion to vacate it. Judgment modified (1) by striking therefrom the provisions that plaintiff recover of defendant Walter R. Lusher, individually, sums of money as in that provision stated, aggregating, with interest, the sum of $503,105.53, and that plaintiff have execution therefor; and (2) by inserting in lieu thereof a provision that this judg-

ment is interlocutory only, and that the defendant individually be directed to account to the plaintiff and defendant, as executors of the last will and testament of Mary J. Lusher, deceased, for any and all moneys theretofore received by him from the decedent as loans and advances, with such interest as may be due thereon by operation of law or by lawful agreement between the individual defendant and decedent and that it be referred to an official referee to take and state such account and report to the court; also that the defendant file, within thirty days after the entry of the order hereon, a statement, in the form and manner of a verified accounting in equity, of such moneys thus received as loans and advances, together with a statement of any credits thereon to which the individual defendant may claim to be entitled; and that the plaintiff recover of the individual defendant the costs and disbursements of this action, to be taxed in the usual course and included in the final judgment herein. As thus modified, the judgment is unanimously affirmed, with costs of the appeal from the judgment to the individual defendant-appellant. Appeal from order denying motion to vacate judgment dismissed. Conclusions of law 26 and 27 are severally reversed and new conclusions of law will be made in accordance herewith. The findings of fact leading to the conclusion of law that the agreement of February 23, 1935, should be declared null, void and of no effect and delivered up and canceled, are supported amply by evidence. The judgment appealed from, however, is not in conformity with the plaintiff's pleading and proofs. The recovery therein is not *secundum allegata et probata*. (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220, 225.) In the complaint there is pleaded a cause of action in equity for rescission of the agreement of February 23, 1935, and for an accounting by the individual defendant to the executors of the decedent, in effect as above stated. The judgment appealed from, however, instead of being merely interlocutory, setting aside the agreement and directing the defendant thus to account, erroneously contains a decretal provision, absolute in form, for the payment by the defendant individually of a sum of money. (Ibid.) Upon the accounting, *inter alia*, all questions which relate to the liability of the defendant individually for interest may be litigated and his liability therefor determined. The proofs as to the equities of the parties may be taken before the official referee and reported to the court, to the end that such equities may be adjusted in the final judgment. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ. Settle order on notice.