■ GELCO BUILDERS AND BURJAY CONSTRUCTION CORP., a Joint Venture, Respondent, v. DINERS FINANCIAL CORP., Appellant, et al., Defendants.— Judgment entered June 30, 1969 so far as appealed from by defendant-appellant Diners Financial Corp. unanimously reversed, on the law, with $50 costs and disbursements to the defendant-appellant, the verdict rendered against it vacated, the action severed and the complaint as against said defendant-appellant dismissed. After a week of testimony and after both sides had rested, the court, over objection, granted the plaintiff's motion to conform the pleadings to the proof. The original theory of plaintiff's case was thus changed from one that pleaded that defendants fraudulently conspired to induce the plaintiff general contractor to enter into a subcontract with defendant Raymar Contracting Corp. to a claim that defendants had conspired to induce Raymar to breach that subcontract after it had been entered into. The granting of the plaintiff's motion in the circumstances, six years after the action was commenced and following extensive examinations and discovery proceedings and an amendment of the complaint, 10-years after the operative facts occurred, and after a defense predicated upon the complaint as originally drawn (the plaintiff's motion to conform made at the conclusion of its case having been granted at the conclusion of the defendants' case), was improper and constituted an abuse of discretion. (*De Fabio* v. *Nadler Rental Serv.,* 27 A D 2d 931; *Beer* v. *Clyde S. S. Co.,* 212 App. Div. 463, 466.) Assuming that a proper motion had been made to amend and that the original proceeding gave notice of the transactions to be proved pursuant to the amended pleading, the claim would have been barred by the Statute of Limitations. Both at the time the tort occurred (May 2, 1960) and when the action was commenced (March, 1963), the Civil Practice Act was in effect and suit was barred as of May 2, 1963. (*Harriss* v. *Tams,* 258 N. Y. 229, 242; Civ. Prac. Act, § 49, subd. 7; CPLR 203, subd. [e]; 218, subd. [a], eff. September 1, 1963.) In any event, even after allowing the amendment, the trial court should have dismissed the complaint. Plaintiff failed to prove a breach of the nonassignability clauses of the Raymar subcontract. Nor did it show any damages flowing from the alleged breach, that but for the defendant-appellant's inducement of the breach of the nonassignment clause Raymar would have performed under the subcontract. (*Union Car Adv. Co.* v. *Collier,* 263 N. Y. 386, 400; *Simon* v. *Noma Elec. Corp.,* 293 N. Y. 171, 177.) Accordingly, the judgment against defendant-appellant must be reversed and the complaint dismissed. The appeal from the order entered October 8, 1969 denying appellant's motion to set aside the verdict is dismissed as academic. Concur — Capozzoli, J. P., Markewich, Steuer and Tilzer, JJ.