ANDREW J. DEXTER, Respondent, *v.* WILLIAM IVINS et al., Appellants.

*It seems* the court has no power on trial of an action, against defendants' objection, to so amend the complaint as to make an entire change of the cause of action.

The complaint herein set forth an agreement between the parties, by which it was stipulated that plaintiff should enter into the service of defendants as salesman for a year at a specified salary, payable monthly; that plaintiff performed the contract, but that defendants refused to pay his salary for certain months specified, beginning with June. Defendants' answer admitted the contract, but alleged that plaintiff for about three months prior to May twenty-eighth disregarded and neglected to perform the contract and defendants' directions, by reason of which they, on that day, notified him of his breach of the agreement and that '' thereafter no service whatever has been rendered by him." Upon the trial certain letters, written to plaintiff by defendants were offered in evidence by plaintiff, which tended to show that both parties continued to act under the contract after May twenty-eighth and that plaintiff had not abandoned it. Some of these letters contained complaints as to the manner in which plaintiff performed his duties, but contained no notice of his discharge or of defendants' intention to terminate the contract. Defendants' counsel objected to one of these letters on the ground that the action was to recover wages, and the letter tended to show a discharge; to this the court replied that he thought the criticism correct, but " will allow you to amend." The letter was received and said counsel objected. Plaintiff did not indicate that he desired or accepted the privilege of amending and no amendment was actually made. *Held*, that the letter was admissible under the pleadings as they were, which simply raised an issue as to plaintiff's abandonment of his contract, and although it contained expressions which would have made it competent evidence had the issue been as to a discharge, so long as it was not used for that purpose it was competent; and that no amendment of the complaint was required or could be considered as made.

Plaintiff made out a case entitling him to recover on the issues presented. Defendants moved for a nonsuit. Plaintiff's counsel thereupon moved that the complaint be amended so as to conform to the proof. This motion was granted. The court then denied the motion to dismiss, stating that if the jury found plaintiff was ready to render the services he was entitled to recover therefor, although at times they did not give him work but suffered him to remain idle, "as there is no question of discharge raised by the pleading," and in summing up the court stated that plaintiff did not set up a discharge and claim damages but claimed his salary while acting as defendants' servant. *Held*, that there was no amendment understood or intended by the court changing the cause of action or authorizing a recovery of damages based upon a discharge or termination of the contract, or for other cause except for the salary.

(Argued March 24, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 7, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The following is the opinion in full :

"The main point made in support of this appeal is that the plaintiff brought the action to recover an install-ment of his salary as a salesman in the service of the defendants, and that upon the trial he was permitted to amend his complaint against the defendants' objection, and by the amendment to convert the action into one to recover damages for a wrongful discharge from the employment provided by the contract. In other words, it is urged by the learned counsel for the defendants that the plaintiff sued upon one cause of action and by an erroneous exercise of the power of amendment at the trial recovered upon another and different cause of action. If it is true in part that the complaint was so amended at the trial against the protest of the defendants as to work an entire change in the cause of action, the judgment ought not to be upheld, as the power of the court to amend pleadings at the trial does not permit the introduction of a new or entirely different cause of action. A careful exam-ination of the record, however, fails to show that such a pro-ceeding as the defendants rely upon in support of the appeal actually took place at the trial. It is incumbent upon a party

seeking to reverse a judgment in this court to show that some error of law prejudicial to him was committed on the trial. Every fair intendment and presumption will be made in support of and not against the judgment. This court will not attempt to infer or spell out some error from rulings or proceedings at the trial that are of equivocal meaning or doubtful import, and will not give to a ruling or decision made during the course of the trial a construction different from what was intended by the trial court and understood by counsel on both sides.

"The complaint was upon a written agreement made between the plaintiff and defendants whereby it was stipulated that the plaintiff should enter into the service of the defendants as a salesman and perform service for them in that capacity for one year from November 1, 1887, at a salary of $1,800 per year, payable in monthly payments of $150 per month, besides expenses. It is alleged that the plaintiff performed his part of the contract, but that the defendants have neglected and refused to pay him his salary due under the contract for the months of June, July and August, 1888, amounting to $450, and that they have also neglected and refused to pay his expenses during the same period, amounting to $101. The defendants' answer admitted the agreement but alleged that while they were at all times ready and willing to comply with their part of it, the plaintiff, for a period of about three months prior to May 28, 1888, disregarded and wholly neglected and failed to perform the terms and conditions thereof upon his part, and the directions of the defendants in reference thereto, and then follows this allegation: 'By reason of which failure so to do, the defendants, on or about said 28th day of May, 1888, notified the plaintiff of the breach of the agreement upon his part, and thereafter no service whatever has been rendered to the defendants by him.' This is not an allegation or defense that the defendants had terminated the contract sued upon by a discharge of the plaintiff, but an allegation that the plaintiff had abandoned and failed to perform the agreement. All the other allegations of the complaint were denied. This condition of the pleadings presented for trial but a single issue or question of fact, and that was whether the plaintiff had per-

formed his part of the agreement to render services for the defendants as a salesman. There was no other issue or question to be tried. The plaintiff produced and put the written agreement in evidence and testified to what he did under it. He also produced and put in evidence numerous letters that passed between the parties from time to time. Two or three of the letters from the defendants to the plaintiff contained complaints as to the manner in which he was performing the contract and as to the results, but none of them contained any explicit notice to the plaintiff of his discharge, or of an intention on the part of the defendants to terminate the contract. The correspondence between the parties was all admissible in evidence under the pleadings, as they were originally found, for the reason that it tended to prove that both parties were acting under the contract and that the plaintiff had not abandoned it as was alleged. It was not admissible on the part of either party to prove a discharge or termination of the contract, because the plaintiff had not pleaded any such cause of action nor the defendants any such defense. On the trial the plaintiff offered one of these letters in evidence. The defendants' counsel objected, on the ground that the action was brought to recover wages, and this letter tended to show a discharge. The court, in answer to the objections, remarked that he thought the criticism correct, but 'will allow you to amend.' The letter was received and the defendants' counsel excepted. Now, all that occurred was the receipt of a letter in evidence, written by the defendants to the plaintiff. As already observed, it was admissible without any amendment, as a part of the correspondence between the parties, tending to show whether the plaintiff was acting under or had abandoned the contract. The plaintiff had not asked for leave to amend his complaint and did nothing to indicate that he desired or accepted the privilege of amending, and no amendment was actually made. The trial proceeded and no proof was given that was not entirely proper and competent to be given upon this issue made by the original pleadings. At the close of the plaintiff's case the defendants' counsel moved to dismiss the complaint on the ground that the action was one to recover wages, and that the proof showed that prior to the period for which the

wages were claimed the plaintiff had been discharged. That there was a complete failure to prove the cause of action pleaded, and that plaintiff's only remedy was an action for damages. Neither party, as we have seen, alleged by pleading that the contract was terminated by a discharge, and the only point presented by this motion was that the plaintiff, while attempting to prove his case, had shown the discharge, and, therefore, had failed in his action. But this position was wholly untenable. The plaintiff had given evidence competent and sufficient for the consideration of the jury upon the issue originally made, that is, for the recovery of his salary during the period covered by the complaint, and he had given no evidence whatever upon which he could go to the jury in an action for damages on account of a discharge. The most that can fairly be claimed is that if either party had pleaded the discharge of the plaintiff as a cause of action or defense, then some of the correspondence which the plaintiff offered would have been competent to submit to a jury in support of such an allegation. There were some ambiguous expressions in the defendants' letters which, taken alone, might tend to show that it was the defendants' intention to terminate the contract. But they were far from conclusive, and when all the letters were read and the acts of the parties during the year considered, it was at best a question for the jury whether the plaintiff had been discharged or not. The letters were all competent in an action for the salary, and the fact that they also contained some evidence competent on the question of discharge cannot prejudice the plaintiff so long as they were not used for any such purpose, and nothing was claimed for them on that ground. At the time that the plaintiff rested and the defendants moved for a dismissal of the complaint, the plaintiff had made out a case for the jury in an action to recover the salary, and had made out no other cause of action.

" But the plaintiff's counsel, after the motion to dismiss, asked that the complaint be amended so as to conform to the proof. This motion was wholly unnecessary so far as can now be judged from the record, but as there was no proof in the case upon which a recovery could be had for damages. based upon a discharge or termination of the contract, or for

any other cause except for the salary, an amendment conform-
ing the complaint to the facts proven could not change the
cause of action, or substitute in the place of the action for
salary a claim for damages as upon a wrongful termination of
the contract. The court granted the plaintiff's motion to
amend, and also gave permission to the defendants to amend
the answer if they so desired, and to this ruling the defend-
ants' counsel excepted. The court then denied the defend-
ants' motion to dismiss in language quite significant, for
it shows that he had no idea that from anything that had
yet transpired the form of the action had been changed.
The court said: 'There is evidence from which the jury
might find that he was ready to render the services, and
if they should so find, I think he would then be entitled to
recover for services, as there is no question of this charge raised
by the pleadings.' The defendant then gave evidence, all
bearing on the question as to whether the plaintiff performed
any services under the contract. When the case was sub-
mitted to the jury, the learned trial judge was careful to point
out the issue in the case. After calling their attention to the
contract upon which the plaintiff brought the action, referring
to the plaintiff's position, he said : 'He does not set up here
that he was discharged and sue for a breach of that contract ;
on the contrary, he claims that he acted as their servant for a
period lasting till the first day of September in the following
year, and that he has not been paid for the months of June,
July and August.' It is perfectly plain, from the manner in
which the case was submitted to the jury, that the court did
not understand that any amendment had been made which
changed the cause of action. The jury were required to deter-
mine the single issue whether the plaintiff had, during the
months named, remained idle, or held himself in readiness to
render such services as were required of him, and to obey the
defendants' orders. The jury were charged: 'That if the
plaintiff was at all times ready to do the work that the defend-
ants imposed upon him under his employment, then, though
they did not see fit to give him work, and let him remain idle,
still, he can recover, and strictly as wages.' The verdict which
the jury rendered in favor of the plaintiff was for the salary

and expenses claimed and the interest thereon.   It is plain
that the issue made by the original pleadings was the only one
tried, the only one submitted to the jury, and the only one
upon which the judgment was recovered.   The ruling of the
court conforming the complaint to the proofs did not intro-
duce into the case a new cause of action for damages or any
other cause of action, except the one originally counted upon.
Whatever may have been the effect of granting the request
to conform the complaint to the proofs, it was a perfectly
harmless proceeding, so far as the defendants are concerned.
The court still adhered to the issue made by the original plead-
ings, as if no such motion had been made or granted, and for
all practical purposes the case must be treated in the same way
as if the motion had been denied.   For these reasons the judg-
ment appealed from should be affirmed."

*James G. Burnett* for appellants.

*James & Thomas H. Troy* for respondent.

O'BRIEN, J., reads for affirmance.
All concur, except GRAY, J., not voting.
Judgment affirmed.