(6 Misc. Rep. 93.)

### AMES et al. v. McNALLY.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

FACTORS AND BROKERS—RIGHT TO COMMISSIONS—PROVINCE OF JURY.

In an action for broker's commission on sale of real property, it appeared that plaintiffs found a purchaser, who hesitated, however, to accept the price named; that plaintiffs brought the defendant and the purchaser together, and they concluded a sale for virtually the sum offered through the plaintiffs; that the defendant claimed to have withdrawn the property and discharged the plaintiffs, but whether he did so, and whether, if he did, it was in good faith, or to defraud plaintiffs of their commission, was doubtful on the evidence. *Held,* that the case should have been submitted to the jury.

(Syllabus by the Court.)

Appeal from trial term.

Action by Caleb T. Ames and another against John McNally to recover commissions on the sale of realty. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Daniel Daly, for appellants.
Stephen Philbin, for respondent.

PRYOR, J. At the close of the plaintiffs' case, the complaint was dismissed, and the question is, had a prima facie right to recover been shown? The fact is conceded that the plaintiffs themselves did not negotiate the sale, but they contend that, nevertheless, they were the procuring cause of its consummation. How so? True,

they introduced the purchaser, but he hesitated to buy for the price named by the owner. Then the owner and purchaser themselves entered into negotiation, and concluded it upon virtually the terms offered through the plaintiffs. On this state of fact the plaintiffs might well claim their commission, upon the ground that, after all, the sale was the fruit of their efforts. Lloyd v. Matthews, 51 N. Y. 124; Sussdorff v. Schmidt, 55 N. Y. 319. But, after plaintiffs' ineffectual endeavor to get an offer at defendant's price, he informed them that "he did not know as he cared to sell the property," that "the old woman didn't want to sell it." Thereupon the plaintiffs saw the purchaser, and "told him the result of that." From the plaintiffs the purchaser "understood that the owner had withdrawn the property, or words to that effect." Then the purchaser renewed the negotiation on his own account; and within three days, with hardly an appreciable effort, concluded it for a price less than the offer through the plaintiffs by just one-half the broker's fee. Doubtless, had the property been withdrawn from the market and the plaintiffs' retainer canceled, the subsequent sale would not have inured to their advantage and entitled them to their commission. But did the defendant withdraw the property and discharge the plaintiffs? The language is equivocal. It was not an explicit refusal to sell and a revocation of plaintiffs' employment. In our judgment, it was for the jury, in the light of the surrounding circumstances, to say what the defendant meant by his uncertain remark. Dexter v. Ivins, 133 N. Y. 551, 555, 30 N. E. 594. It hardly consists with justice by an ambiguity to deprive one of the well-earned reward of his services. Then, too, it is a question whether the authority of the plaintiffs was terminated "fairly and in good faith," (Sibbald v. Iron Co., 83 N. Y. 378, 383;) "in good faith, and without any intent to defraud plaintiffs," (Satterthwaite v. Vreeland, 3 Hun, 152;) for, upon the facts, the jury might well have found that the pretended withdrawal of the property, and the subsequent sale to the very purchaser produced by plaintiffs, and on substantially the terms proposed through them, were nothing more than an expedient for cheating them of their commission, (Hendricks v. Daniels, [Com. Pl. N. Y.] 19 N. Y. Supp. 414.) The issue quo animo is always for the jury. We are entirely satisfied that the interests of justice require the submission of the case to a jury. Judgment reversed, and new trial ordered; costs to abide the event. All concur.