GLORIA SCHNEIDERMAN, an Infant, by WILLIAM SCHNEIDERMAN, Her Guardian ad Litem, and Another, Respondents, v. MOTHER'S FRIEND'S WET WASH LAUNDRY, INC., Appellant.*

WILLIAM SCHNEIDERMAN, Respondent, v. MOTHER'S FRIEND'S WET WASH LAUNDRY, INC., Appellant.

First Department, June 23, 1930.

* Revd., 255 N. Y. ——.

*William Dike Reed* of counsel [*Reed, Jenkins, Dimmick & Finnegan*, attorneys], for the appellant.

*Sidney J. Feltenstein* of counsel [*Feltenstein & Rosenstein*, attorneys], for the respondents.

MARTIN, J. The infant plaintiff obtained a judgment for the sum of $4,000 and her father a judgment for the sum of $300 upon the theory that the infant plaintiff received the injuries complained of through the negligence of the defendant's servants.

The record discloses that on May 28, 1926, William Schneiderman and his family started on an automobile trip to extend over Decoration Day. He was driving his car to the One Hundred and Twenty-fifth Street ferry, intending to cross to New Jersey. Seated with him was his son Leonard, and in the rear seat his wife and a friend together with their respective daughters. The plaintiff proceeded along One Hundred and Twenty-fifth street. When he reached Amsterdam avenue the traffic was so congested that he was unable completely to cross the avenue and the rear half of his car projected east of the westerly curb of Amsterdam avenue. Members of the party were in the car directly ahead and also in the car in the rear, which was stopped on the easterly side of Amsterdam avenue. While thus located there was a collision between the car the plaintiffs were in and the defendant's horse and wagon.

The complaint upon which the action was based alleged that the injuries received were caused through the negligence, carelessness and recklessness of the defendant in permitting and suffering a horse-drawn vehicle to be left unattended; that the horse was not properly fastened, by reason of which he ran away and in running away came into collision with the automobile in which the plaintiffs were riding, causing the infant to sustain injuries.

On the trial the plaintiffs were unable to prove the allegations of the complaint. There was no evidence that this horse was left unattended and was not properly fastened and because of that fact ran away.

At the end of plaintiff's case a motion to dismiss, which should have been granted, was denied. At the end of the whole case the attorney for plaintiffs moved to amend the pleadings so as to include at the end of paragraph " VI " an allegation to the effect that the defendant was " also guilty of carelessness and negligence in that the horse and wagon were so recklessly and negligently operated by the said defendant or those who were supposed to be in charge thereof as to cause and permit the same to collide with the automobile hereinabove mentioned and cause the damage herein described."

The defendant objected to the amendment upon the ground that

it constituted a new cause of action and that there was a complete failure of proof of the cause of action alleged in the complaint.

There is no dispute as to the fact that the defendant's horse ran away and a collision occurred. No testimony was offered by the plaintiffs to support their contention that defendant left the horse unattended, without being properly fastened.

The uncontradicted evidence shows that while the defendant's horse was being driven to the stable, it became startled by the ringing of a bell on a street car and the rapid moving of a passing automobile at the intersection of West One Hundred and Twenty-eighth street and Amsterdam avenue, and started running south. The defendant's driver remained on the wagon and testified that he used every possible means to prevent the horse from running away. He was able to restrain the horse to some extent, but he says he could not avoid the collision with plaintiff's automobile at One Hundred and Twenty-fifth street and Amsterdam avenue.

The fact that the horse ran away does not necessarily imply negligence on the part of the driver. (*Gottwald* v. *Bernheimer*, 6 Daly, 212; *McGahie* v. *McClennen*, 86 App. Div. 263; *Rice* v. *Von der Lieth*, 108 Misc. 284.)

After the case was closed and both sides had moved for the direction of a verdict, the plaintiffs evidently realized that no cause of action had been proved and moved to amend the complaint. That motion was granted. The verdict, therefore, is based upon the amended cause of action which was interposed after all the proof had been received. A motion to set aside the verdict was denied.

A complaint may not be amended to conform to the evidence when it changes the cause of action or where the case has not been tried upon the theory of the new allegation and causes surprise to the defendant. (*Beer* v. *Clyde Steamship Co.*, 212 App. Div. 463; *Scott* v. *International Paper Co.*, 125 id. 318; *Brown* v. *Goffe*, 140 id. 353.) The admission of evidence upon apparently related matters, without objection, does not bar an objection at the close of the case upon the ground that there has been a failure of proof. Aside from the fact that the amendment in this case changed entirely the cause of action, and that there was a complete failure to prove the allegations of the complaint, the plaintiffs failed to sustain the cause of action as amended. The evidence clearly established that this horse did not run away because of any negligence on the part of the driver. The horse ran away despite the driver's efforts to control him after he became frightened by the ringing of a bell on a street car. The judgment is contrary to the evidence.

The plaintiffs having failed to prove the charge of negligence set forth in the original complaint and also the charge of negligence

as set forth in the amended complaint, the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MERRELL and SHERMAN, JJ., concur; FINCH and O'MALLEY, JJ., dissent.

FINCH, J. (dissenting). The judgment appealed from should be affirmed. The questions of negligence and the amount of the verdict were properly left to the jury, and upon this record it cannot be said that their verdict is against the weight of the evidence.

The only other question requiring consideration is the action of the learned justice in permitting the amendment of the complaint to conform to the proof before the rendition of the verdict. Such amendment under the facts shown was properly granted. (Civ. Prac. Act, § 434; Rules Civ. Prac. rule 166; *Feizi* v. *Second Russian Ins. Co.*, 199 App. Div. 775.) It is not necessary that the plaintiffs prove every allegation of negligence. Proof of one such allegation is sufficient. Moreover, in the case at bar neither plaintiffs nor defendant gave proof with regard to whether or not the horse was unattended at the time it commenced to run away; on the other hand, both parties contested fully the one issue of the control of the horse at the moment of collision. This record shows clearly that the amendment in the case did not surprise the defendant.

It follows that the judgment appealed from should be affirmed.

O'MALLEY, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.