The granting or refusal of the amendment requested was discretionary (Civ. Prac. Act, § 434; Rides Civ. Prac., rule 166), and the trial court was not required to permit an amendment against respondent Rabkin which radically changed the theory upon which recovery was sought against him. (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220; Dexter v. Ivins, 133 N. Y. 551; Schneider man v. Mother’s Friend’s Wet Wash Laundry, 230 App. Div. 197; Spies v. Lockwood, 40 App. Div. 296.) Insofar as the judgment is in favor of respondent Oliver, it is reversed on the law and the facts, without costs, the action is severed, and a. new trial granted. With respect to respondent Oliver, the amendment requested involved no substantial change in the theory upon which plaintiffs sought recovery against him and, in our opinion, the denial of the motion to conform the pleadings to the proof was an improvident exercise of discretion, particularly since evidence supporting the theory upon which the case was tried was admitted without objection, and no claim of surprise was made when the amendment was sought. Although the motion to amend did not specify the precise amendment of the pleadings desired, there was no misunderstanding by counsel, or the trial court, as to the amendment which appellants sought. Holán, P. J., Cars-well, Johnston, Wenzel and MaeCrate, JJ., concur.