Charles B. Brasser, J.
Plaintiff brought action for separation on grounds of cruel and inhuman treatment, nonsupport and abandonment. Defendant counterclaimed for an annulment on the ground of fraud. The -issues were tried before this court at the Monroe County Equity Term in December, 1956. Allegations in the counterclaim upon which defendant based its prayer for an annulment were denied by reply.
At the conclusion of proofs, plaintiff’s motion for a judgment of separation was denied. Defendant’s motion for judgment dismissing the complaint was granted. The defendant thereupon moved to amend his answer to conform to the proofs, praying for a separation instead of an annulment, specifically on the ground that the proofs established that plaintiff abandoned defendant by refusing to move to Lyons, N. Y., with the defendant. Decision was reserved, plaintiff contending that such amendment was unauthorized as a matter of law, and further that she had no opportunity to meet the alleged proof on this issue upon the trial of the case.
By moving to amend the counterclaim, defendant abandoned his cause of action for an annulment. He now seeks relief upon a completely different theory.
Evidence adduced in the process of the trial was relevant and competent on issues raised by plaintiff’s complaint praying for a separation and defendant’s counterclaim praying for an annulment. It is certainly too late after proofs are closed to move to change a cause of action to another cause of action separate and distinct from that which the opposing party was prepared to defend and did defend. This is not a variance "arising from ‘ ‘ a mistake, omission, irregularity- or defect ’ ’, which may be corrected under authority of section 105 of the Civil Practice Act.
Nor is it a defect in pleading which may be remedied under rule 166 of the Rules of Civil Practice.
It is such a change in the nature of the action as would defeat an opposing party’s right to come into court prepared to meet the issues raised by the pleadings. The effect is not dissimilar to an assumed situation wherein an action is brought on contract and plaintiff, after testimony has been introduced, moves to change the cause to one for money had and received. (See Feyh v. Brandtjen & Kluge, Inc., 207 Misc. 171; Berkenstat v. Oliver, 275 App. Div. 679; Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220; Dexter v. Ivins, 133 N. Y. 551; Spies v. Lockwood, 40 App. Div. 296; Schneiderman v. Mother’s Friend’s Wet Wash Laundry, 230 App. Div. 197.)
*540 Plaintiff argues that “ the proposed amendment does not envision merely a change from one common-law form of action to another-, wherein similar or overlapping operative facts are present. It involves a change between two statutes mutually exclusive of each other both in grounds for relief and in the relief granted.” This reasoning is sound.
Defendant failed to establish his counterclaim for an annulment by a fair preponderance of the credible evidence. There was no sufficient showing of fraud arising from the breach of a premarital agreement to constitute grounds for the relief sought.
The motion to amend is denied. Judgment is granted to plaintiff dismissing defendant’s counterclaim on the merits.