Louis I. Kaplan, J.
Plaintiff was a passenger in defendant’s taxicab which was involved in a two-vehicle collision on January-17, 1961 at the intersection of Fifth Avenue and 62nd Street, Brooklyn, New York. The plaintiff herein brings suit against the owner of the taxicab in which he was a passenger. The allegations of negligence as set forth in the plaintiff’s complaint are embodied in paragraph designated “ pipth ” thereof. Among other specifications of negligence the plaintiff alleges that defendant’s negligence consisted in its “ failure to respect the ‘stop sign ’ facing it”. Plaintiff’s bill of particulars in response to a demand therefor alleges only one act of negligence in paragraph designated “ 3 ” thereof in that “ Defendant failed to come to a stop for stop sign ”.
At the trial of the action the plaintiff testified essentially that he did not know whether there was a stop sign at the location of the accident at the time of its occurrence. The plaintiff testified as to the other circumstances and acts on the part of defendant which purported to establish want of care and negligence in the operation of the taxicab by the driver-employee of the defendant. It was further established during the trial that no such “stop sign” was in existence at this intersection at the time of the accident, or at any other time.
The plaintiff’s testimony although being at variance with the only allegation contained in the bill of particulars was nevertheless in conformity with other purported acts of negligence alleged in the complaint. During the testimony of plaintiff the defendant’s counsel objected to such testimony which was at *488 variance with the one allegation of negligence contained in the bill of particulars. The court overruled this objection and permitted the plaintiff to testify as to purported acts of negligence not otherwise set forth in the bill of particulars but which were set forth in the pleading.
It is noted from the record of the trial that no oral motion was made by plaintiff’s counsel for leave to amend the pleadings to conform to the proof adduced during the trial relating to the purportedly negligent acts of the defendant.
Counsel for defendant now urges a dismissal of the complaint and asserts: 1) that it is reversible error to have allowed plaintiff to introduce evidence of negligent acts not stated in the cause of action set forth in the complaint as amplified by the bill of particulars; and 2) that the complaint should be dismissed as a matter of law on the ground that plaintiff has failed to established the cause of action set forth in the complaint as amplified by the bill of particulars. Both of these contentions are overruled by the court.
The gravamen of the issue presented by the instant case deals principally with the question as to whether the allowance of testimony by the plaintiff, over the objection of defendant’s counsel, as to purported acts of negligence outside the scope of the bill of particulars but within the purview of the allegations set forth in the complaint, was reversible error.
The court finds that the allowance of such testimony by the plaintiff does not constitute error. The testimony of the plaintiff which was objected to by defendant’s counsel was allowed by the court in the exercise of its discretionary authority pursuant to CPLR 3025 (subd. [b]) which permits a 11 party to amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court”. Additionally CPLR 3025 (subd. [c]) authorizes the court to 11 permit pleadings to be amended before or after judgment to conform them to the evidence”. (Italics supplied.) The allowance of such testimony by the plaintiff, over the objection of defendant’s counsel, in the exercise of the court’s discretion, is treated by implication as a motion to amend the pleadings to conform to the proof adduced at the trial.
In view of the circumstances of the case the exercise of such discretion is deemed to be properly made in that said amendment does not add any new cause of action nor is there a radical change in the act of negligence as originally averred and the amendment is one clearly authorized to be made upon the trial (see Rosenberg v. Third Ave. R. R. Co., 47 App. Div. 323).
*489 In the instant case it is the same theory of negligence after the amendment as before; the amendment simply makes the pleadings conform to the proof. There is no radical or substantial departure from the proof and the pleadings, and no substantial right of the defendant was prejudiced by the granting of the motion to amend. (See CPLB 2001.) The amendment herein does not in the slightest degree change the character of the acts of the defendant. The defendant was in no sense misled and consequently it has no substantial or prejudicial grievance. (See Berkenstat v. Oliver, 275 App. Div. 679; Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220; Dexter v. Ivins, 133 N. Y. 551; Schneiderman v. Mother’s Friend’s Wet Wash Laundry, 230 App. Div. 197; Spies v. Lockwood, 40 App. Div. 296).
Accordingly, I find in favor of the plaintiff and against the defendant in the sum of $1,500, and the Clerk is directed to enter judgment therefor.