Jawn A. Sandifer, J.
Plaintiff by indorsing “Action for
goods sold and delivered work, labor and services and upon an account stated” commenced separate actions against several corporations and Sol Sage (an individual and principal shareholder of the corporations). Default judgments were entered against the corporations for nonappearance. The corporate defendants were severed and the actions against the individual came to trial where judgment is now sought. Prior to trial there were no requests for bills of particulars, no pretrial discovery or conferences and no enlargements of the pleadings.
The plaintiff has attempted to show that the individual defendant so operated and manipulated the finances of the corporate defendants so as to make him liable for the agreements of the corporations under the theory of respondeat superior. The defendant objecting to the admission of any such evidence submitted for purposes of piercing the corporate veil, contends that the indorsed complaints have failed to put him on notice as to the theory and essential elements of plaintiff’s action. Defendant further contends that he has been taken by surprise and that had he known plaintiff intended to collaterally attack the corporations he would have prepared and marshaled evidence to show that the corporations were viable, extant and not merely used as a vehicle to defraud its creditors.
These objections were overruled during the trial. However, upon reconsideration after trial, the court determines that these objections were timely when made and should have been sustained.
*429 Pleadings under the CPLR are to he liberally construed (CPLR 3026). Indorsed pleadings (CCA, § 902) where permitted, must by their very nature be more liberally construed than their formal counterparts. This conclusion is supported by the fact that section 903 of the New York City Civil Court Act expressly exempts them from certain requirements of the CCA and CPLR. The extent of this exemption is set forth in the explanation for the enactment of section 903 of the New York City Civil Court Act contained in the New York State Legislative Annual: 1 ‘ when indorsement pleadings are used, as allowed by CCA § 902, the technical requirements of formal pleadings shall not apply (such as CPLR Rules 3014 — 3016 and CCA § 1102). The amendment is essentially declaratory of existing law regarding informal pleadings ” (New York State Legislative Annual, 1964, p. 193).
The existing law concerning informal pleadings requires that they state the ‘ ‘ nature and substance of the cause of action ’ ’ (CCA, § 902, subd. [a], par. [1]). This phrase has been interpreted to mean everything from merely apprising the defendant of the nature of the cause of action (Kimma v. Leonard Chazen Inc., 8 Misc 2d 589) to requiring the indorsement to contain all the essential elements necessary to.constitute a good cause of action (Samelson v. Mayer, 139 App. Div. 6). Surely section 903 of the New York City Civil Court Act would limit this latter interpretation.
In Reed v. Landau (115 N. Y. S. 1068, 1069) a 1909 ease, the Appellate Term of the First Department in dismissing as insufficient an indorsement which merely stated ‘ ‘ Action for breach of contract ” indicated that the defendant had a right to know in a definite and certain manner 1 ‘ just what claim of the plaintiff he is required to meet ’ ’.
Despite the liberalization of pleadings since that time, one can hardly argue that a defendant has less of a right to ‘6 know ’ ’ today than he had in the past.
The primary function of any pleading is to give the defendant notice of the transactions or occurrences intended to be litigated and the material elements of plaintiff’s cause of action (CPLR 3013; Foley v. D’Agostino, 21A D 2d 60; Pernet v. Peabody Eng. Corp., 20 A D 2d 781, 782). The fact that these requirements are recognized as being contained in indorsed complaints either by inference or by implication should not mislead us as to their actual existence. Consequently, the distinction between a statement as to the nature and substance of a cause of action (CCA, § 902, subd. [a], par. [1]) and, notice of the transactions and occurrences to be litigated and the material elements of the *430 cause of action (CPLR 3013) is quantitative and not qualitative.
The principle that a party must recover not only according to his proof but also his pleadings (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220 and cases cited therein) must be equally applicable to actions commenced by indorsing the summons and those commenced by formal complaint. The instant action against an individual defendant for ‘ ‘ goods sold and delivered * * * and upon an account stated ” in no way indicates or puts the defendant on notice that his liability is predicated upon piercing a corporate veil. The fact that pretrial discovery and motions would have prevented any surprise is irrelevant without a mandatory participation.
Furthermore, to permit these pleadings to be amended by implication and conformed to the proof after trial (CPLR 3025, subd. [c]; also see Pogor v. Cue Taxi Serv., 43 Misc 2d 487) would substantially prejudice the defendant by depriving him of the right and opportunity to meet by proof the allegations against him (Walrath v. Hanover Fire Ins. Co., supra).
For the reasons set forth above, the complaint is dismissed without prejudice and a new trial is ordered.