Irving Younger, J.
This case involves the question whether a Trial Judge may decline to submit a dishonest case to the jury.
The complaint — dealing with an ordinary automobile accident alleged to have occurred on August 23, 1965 — runs to 23 paragraphs. Extracting from its prolixity something like the “ plain and concise statements ” required by CPLR 3014, it reads as follows:
“Plaintiff Rena Du Bose was * * * a passenger in the motor vehicle owned by defendant Duke Cab Corp. and operated by defendant Santiago Velez * * '* the motor vehicle * * * in which plaintiff Rena Du Bose was a passenger, was at a standstill on Second Avenue * * * defendant Marcos Rosado Rodriguiz owned * * * and operated a motor *957 vehicle * * * the motor vehicle owned and operated by defendant Marcos Rosado Rodriguiz * * * forcibly collided with and struck the motor vehicle owned by defendant Duke Cab Corp. * * * in which plaintiff Rena Du Bose was a passenger *' * * while the Duke Cab Corp. motor vehicle was at a standstill * * * defendants * # * negligently controlled their respective motor vehicles so as to cause their vehicles to crash and collide and come into sudden contact and collision, causing the plaintiff to be violently thrown in and about the motor vehicle owned by defendant Duke Cab Corp. * # * Defendants * * * were negligent * * * in causing the motor vehicle owned and operated by Marcos Rosado Rodriguiz to come into sudden contact and collision with the rear of the motor vehicle owned by defendant Duke Cab Corp. * * * in failing to apply the brakes of the Rodriguiz motor vehicle * * * in causing the Rodriguiz motor vehicle to follow the Duke Cab Corp. motor vehicle too closely”. The complaint was verified pursuant to CPLR 3020 (subd. [d], par. 3).
Plaintiff’s bill of particulars, verified as was the complaint, repeats the words of the complaint and adds the following (again extracted from a mass of verbiage):
“ Defendants * * * were negligent * * * in causing the motor vehicle owned by defendant Duke Cab Corp. * * * to change lanes and suddenly, and without any notice or warning, come to a sudden and abrupt stop * * * causing the motor vehicle owned and operated by defendant Marcos Rosado Rodriguiz to come into sudden contact and collision with the rear of the Duke Cab Corp. motor vehicle ”.
The common reader, avid to learn exactly what plaintiff claims, would take the bill of particulars together with the complaint as alleging that plaintiff was a passenger in a cab, that the cab swerved from one lane to another and came to an abrupt stop, that the Rodriguiz car hit the cab from the rear, and that the impact caused plaintiff’s injuries.
Plaintiff pressed her claim only against the cab company and its driver, Velez (hereinafter described together as “ the defendant”). One can only speculate as to why she lost interest in Rodriguiz, the other driver. In any event, it was clearly plaintiff’s hope that the cab company would be held liable, not Rodriguiz.
And so the case came to trial. Plaintiff was her own sole witness on the circumstances of the accident. This, nearly in haec verba, is what she said: I was riding in defendant’s cab, which was in a particular lane on Second Avenue. It stayed *958 in that lane for at least the block from 63rd Street to 62nd Street, where the accident occurred. At 62nd Street, the cab made a short, violent stop when a traffic light changed from green to red. I was thrown forward and injured. Five or six seconds later, the Rodriguiz car touched the rear of the cab. The impact was light. It did not cause me to move. It did not add to the injuries I had already sustained.
Defendant moved to dismiss the complaint at the close of plaintiff’s case, raising the question asked at the beginning of this opinion. The motion was granted. When plaintiff’s counsel professed himself unable to understand why, I promised to file an, opinion setting forth my reasons. I have three.
First. Plaintiff pleaded one accident — the cab’s being hit from the rear — as the cause of her injuries and tried to prove another — the cab’s making a short stop. That, in my view, is failure to make out a prima facie case, which encompasses not just a failure to make out any sort of case, but a failure to make out substantially the case pleaded.
Of course, CPLR 3025 (subd. [c]) authorizes a motion to amend the pleadings to conform to the evidence. Only after I had dismissed the complaint and discharged the jury did plaintiff’s counsel make the motion. Passing this issue of timeliness, I would deny the motion. To be sure, leave to amend should be “ freely given ” (CPLR 3025, subd. [b]). Yet when a plaintiff alleges A-B-C and then proceeds at trial to show X-Y-Z, the court will refuse to permit the amendment. (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220; Procho v. Procho, 30 A D 2d 615; Yantic Grain & Prods. Co. v. Bullet Hole Farms, 29 A D 2d 764; Kirschbaum v. Lee Bros. Stor., 71 N. Y. S. 2d 782; Household Coal & Oil Distrs. v. Sage, 57 Misc 2d 428.) The explanation is obvious enough. If substantial disparities between pleading and proof are treated as mere trivia, to be rectified by the granting of pro forma motions to amend, why insist upon pleadings at all? Why not try the case first and write the pleadings later? Why should the Bar inconvenience itself with the drafting of complaints and answers when a motion under CPLR 3025 (subd. [c]) will be granted routinely to relieve a party of the consequences of stupidity, inattentiveness, or prevarication? Absurd. Self-evidently, we need pleadings — so that litigants may know what claims or defenses they must prepare to meet, so that issues are defined for trial, so that parties will be discouraged from tempering their testimony to meet the needs of the occasion. Then CPLR 3025 (subd. [c]) has its limits. And wherever they lie, this case falls beyond them.
*959 Second. Take a hypothetical case. A brings a personal injury action against X and Y. X’s defense is that the accident occurred solely through Y’s negligence. A once told a friend that the accident was Y’s fault. Is it proper for X to put the friend on the stand and have him testify about A’s statement? Everyone knows that it is. A’s statement to the friend is an admission. (Reed v. McCord, 160 N. Y. 330, 341.) By way of rebuttal, A may seek to account for the friend’s evidence in any way he can. Ultimately, the jury decides the weight to he accorded the admission. (Wachtel v. Equitable Life Assur. Soc., 266 N. Y. 345, 351; Gangi v. Fradus, 227 N. Y. 452, 457; Chamberlain v. Iba, 181 N. Y. 486, 492.)
Now take the case at bar. Plaintiff has brought a personal injury action against X (the cab company) and Y (Rodriguiz). X’s defense: the accident occurred solely through Y’s negligence, in that plaintiff was injured when X’s cab was hit from the rear by Y’s car. Plaintiff has stated in her pleadings that she was indeed injured when X’s cab was hit from the rear by Y’s car. As in the hypothetical case, plaintiff’s statement is an admission. Unlike the hypothetical case, plaintiff’s statement is more than a casual comment to a friend. It is the central allegation of her complaint and of her bill of particulars, each verified as the truth. Thus plaintiff’s statement is a judicial admission, “ a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for purposes of litigation that the proposition of fact alleged by the opponent is true.” (4 Wigmore, Evidence [3d ed.],. § 1058.) Since a judicial admission is final and conclusive {ibid.), plaintiff has no right to the jury’s assessment of its weight. (Richardson, Evidence [9th ed.], § 294, and cases cited therein.) This being so, plaintiff’s testimony— at odds with her judicial admission — was immaterial. When it is eliminated from consideration, there is nothing in the record to support plaintiff’s claim and the complaint must be dismissed.
Had defendant been meticulous, he would have objected to plaintiff’s testimony as soon as she began to give it. He did not. In his opening statement to the jury, however, defendant argued that plaintiff was limited to proof as alleged in her pleadings. No one could have mistaken defendant’s objection. CPLR 4017 requires nothing more.
Third. Overriding the jury’s prerogative to resolve issues of credibility is the Judge’s power to direct a verdict or to set a verdict aside when the law so requires. (CPLR 4401, 4404.) Here, the only evidence tending to hold the cab company liable was plaintiff’s own word. It was obvious to me and I should *960 think to every disinterested person in the courtroom that her testimony was contrived to transfer liability from Bodriguiz to the cab company. I have no donbt (a) that the jury would have rejected plaintiff’s testimony as unbelievable in light of her pleadings, (b) that no reasonable juror could have done otherwise, and (c) that it was, accordingly, incredible as a matter of law. Since I would have been obliged to set aside a verdict against the cab company, I followed Blum v. Fresh Grown Preserve Corp. (292 N. Y. 241), and took the case from the jury by granting defendant’s motion to dismiss.
I wish to put into plain English what I have so far tried to express in terms of legal analytics. However sacrosanct the right to trial by jury, it does not follow that a Judge must, like a conveyor belt, mindlessly pass on to the jury every factual issue asserted by the litigants. When one party or the other presents blatantly dishonest testimony, the Judge should decline to help that party accomplish what it is the spirit of our legal system to prevent. Hence in this case I dismissed the complaint.