Per Curiam.

The court erred in granting its own motion, after submission of the case, conforming the pleading to the proof, amending plaintiff’s cause of action from breach of warranty to negligence. Such amendment prejudiced the defendants in that they were prevented from meeting the new issues subsequently raised by the amendment (Berkenstat v. Oliver, 275 App. Div. 679; Schneiderman v. Mother’s Friend’s Wet Wash Laundry, 230 App. Div. 197; Household Coal & Oil Distrs. v. Sage, 57 Misc 2d 428; Canham v. Canham, 4 Misc 2d 538; see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 30-473) and were thereby deprived of a fair trial.
On the record, no breach of warranty may be imposed upon either defendant.
As to defendant Golf Oldsmobile, Inc., there was no duty, under the circumstances, to inspect and service save to repair the part for which the vehicle was brought in. Hence, no tort liability may attach to it (Frantz v. General Motors Corp., 176 *690 F. 2d 80), and the complaint against such defendant is dismissed.
As to defendant General Motors, having issued instructions regarding the maintenance and servicing of the automobile, there are present conflicting instructions as to the use of engine coolant to maintain the engine safely and free from danger of damage.
Such inconsistency respecting instruction and warning must be tested at trial to determine whether instructions in the warranty booklet were so inconsistent that the breach of the duty to properly instruct and warn relative to this coolant fluid was breached, and whether such breach was the proximate cause of the injury to the engine (cf. Kaempfe v. Lehn & Fink Prods. Corp., 21 A D 2d 197, 199-200, affd. on opn. below 20 N Y 2d 818).
The judgment against Golf Oldsmobile, Inc. should be reversed, without costs, and complaint dismissed. Judgment against General Motors Corporation should be reversed and new trial ordered, without costs.
Concur — Markowitz, Lupiano and Gold, JJ.
Judgment reversed, etc.