Quittn, J. P.
(dissenting). Landlord respondent .brought these proceedings under section 711 of the Real Property Actions and Proceedings Law on the ground that the named tenants and those claiming under them, the named undertenants appellants, were holding over after expiration of the named tenants ’ terms. The holding-over was claimed to have occurred when landlord, having by due notice afforded the prime tenants a 10-day, unavailed-of opportunity to cure the violation of a substantial obligation of their statutory tenancies (resulting from the subletting to the named undertenants), had thereupon elected to terminate the tenancies on 30 days’ notice. None of the tenants appeared, or answered, but the undertenants as they had the right to do, in defense of the possessory rights of their grantors, the prime tenants, under whom they claimed, appeared and answered denying, among other things, service of the essential notices “ as required by law ”.
.Subdivision a of section 52 of the Rent, Eviction and Rehabilitation Regulations provides that a summary proceeding by the landlord to recover possession may be maintained where “ The tenant is violating' a . substantial obligation of his tenancy * * * and has failed to cure such violation after written notice by the landlord that the violation cease within 10 days ”. *550 (Emphasis supplied.) Obviously a tenant must have 10 days from receipt or delivery of the written notice in which to cure the violation (Levine v. Brillon, 117 N. Y. S. 2d 388; 98 Delancey St. Corp. v. Barocas, 82 N. Y. S. 2d 802). The record shows that although the landlord was given ample opportunity to prove on what date the required 10-day written notices were delivered, he failed to do so. Landlord’s counsel rested on proof of the date he mailed the notices to cure, apparently in the erroneous belief, shared by the court and undertenants’ counsel, that CPLR 2103 (which relates only to services of papers in the course of a pending action) had application here. But even if landlord were indulged in the assumption that proof of delivery of the 10-day notice to cure could be inferred from proof of mailing, plus the allowance of an additional 3 days, á la CPLR 2103, for transmission through the mail (an unrealistic inference in the face of the notorious uncertainty and irregularity of the mails in recent years), it is, nevertheless, uncontroverted that landlord’s proof of notice fell short of affording 10 days, plus 3 for mailing, in which to cure the violation complained of, before the landlord elected to terminate the tenancy by the service of the 30-day notice. (See Grant v. Morris, 18 A D 2d 896; Manna v. Corbett, 2 A D 2d 764.)
The burden is on the landlord to allege and prove compliance with the notice requirements of the Rent, Eviction and Rehabilitation Regulations, and the failure of the landlord to prove that it afforded 1 ‘ the tenant 10 days to cure the alleged violation before terminating the tenancy * * * is a non-curable jurisdictional defect, fatal to the proceeding ” (Willace Realty Mgt. v. Henson, 66 Misc 2d 203, 204). ¡Since it is a noncurable jurisdictional defect, it can first be urged successfully on appeal even though never raised in the trial court. (Willace Realty Mgt. v. Henson, supra.) A fortiori, where, as here, it was raised in the trial court but is not urged on appeal, the general, though far from inflexible, rule that it will not be considered on appeal has no application; particularly since it is a fundamental error going to the subject-matter jurisdiction of the trial court. (5B C. J. S., Appeal and Error, § 1802.)
The trial court reserved decision ón undertenants’ motion, made at the close of the landlord’s evidence, as well as at the close of all the evidence, to dismiss the petition for failure to prove due and timely service of the notices as required by law. The trial court and the attorney for landlord were in agreement in recognizing, on the record, that if the notices were untimely g,nd insufficient by reason of improper service, the petitions *551 would have to be dismissed. The trial court, however, in its decision side stepped this motion, without referring to it, by finding 'the parties designated as the “undertenants ” to be “ squatters ” ( a plain contradiction in terms) and thus ignoring any need to comply with the Rent, Eviction and Rehabilitation Regulations as pleaded in the petition. In effect the trial court, after trial, gratuitously, without warning, rejected the proof under the pleading, deemed the latter amended to fit within the antithetically different provisions of section 713 of the Real Property Actions and Proceedings Law and, dispensing with the need for any 10-day notices to .cure to the tenants, chose to regard the 30-day notices to the tenants as satisfying the requirement for the 10-day notices to the “squatters” (in this case the named undertenants) explicitly called for by section 713 of the Real Property Actions and Proceedings Law. Apart from the highly irregular and gravely prejudicial character of such procedure (see, e.g., Breitman v. General Motors Corp. 65 Misc 2d 689), the fatal infirmity is that the 30-day notices were addressed to the defaulting tenants with no claim of service, by mail or otherwise, on the “ squatters”, i.e., the named undertenants, and the recitations of the 30-day notices, as well as the allegations of the petition, are premised on a violation of a substantial obligation of the existing tenancy under sections 52 and 53 of the Rent, Eviction and Rehabilitation Regulations and not on any of the opposite grounds of non-existing tenancy upon which the notice and petition under section 713 of1 the Real Property Actions and Proceedings Law must be premised. The notices and allegations mandated by the statute as essential to the maintenance of summary proceedings may not be thus loosely ignored or circumvented. (Willace Realty Mgt. v. Henson, 66 Misc 2d 203, supra; Lincoln Trust Co. v. Hutchinson, 65 Misc. 590.)
The notices, petitions, answers and proofs presented to the court on the trial of this proceeding under section 711 of the Real Property Actions and Proceedings Law, are based wholly and solely on the existence and affirmation of a landlord and tenant relationship. The court’s decision, finding the designated undertenants to be “ squatters ” (without having acquired subject-matter jurisdiction to do so under the requirements of section 713), is necessarily based wholly and solely on the nonexistence and negation of any landlord and tenant relationship, hence in direct contradiction and disregard of the notices, petitions, answers and tender of proofs and constitutes a determination wholly .foreign to and outside the issues presented to the *552 court for decision; without opportunity to the undertenants to even so much as speak to the newly inverted issue.
The furthest extreme to which the courts in this department have gone, in approving the conversion of the character of a summary proceeding from the form in which it was originally brought to a different, court-modified form, is to be found in the atypical case of Tai On Luck Corp. v. Cirota (N. Y. L. J., May 25,1970, p. 2, col. 1, affd. 35 A D 2d 380). There, this court reviewing a final judgment for landlord in a holdover proceeding (based on a landlord and tenant relationship) reversed the trial court and returned the case for retrial as a nonpayment proceeding (still based on a landlord and tenant relationship) because the critical issue of tenant’s alleged holding over, or right to continued possession by exercise of an option of renewal, turned entirely on the question of whether or not the landlord had demanded a rent to which, under a reasonably conscionable construction of the lease-renewal chance, he was entitled. There, no violence was done the essential nature of the proceeding or the jurisdictional basis upon .which it was founded; the critical issues remained very much the same, or in any event were not so tortured out of their original frame of1 reference as to precipiate a result in direct contradiction and disregard of the statutory basis for relief as pleaded and sought to be proved; and the parties had full opportunity to meet the modified issue on the retrial. (See Tai On Luck Corp. v. Cirota, 69 Misc 2d 925.)
The written notice to the tenant required by sections 52 and 53 of thé Bent, Eviction and Behabilitation Begulations, as we have said, 11 is intended to afford the tenant the opportunity to meet the landlord’s claim. This purpose is thwarted when the landlord is permitted to.introduce evidence of grounds or facts other than those stated in the notice and petition.” (Rappaport v. Connell, 53 Misc 2d 1016.) How much more the undertenants here were thwarted and despoiled of any opportunity to meet a claim of “ squatting”, never raised by the landlord, but sprung on them for the first time after trial by the court, sua sponte, in its decision, after taking apparently antithetical issues sub judice and disregarding the complete lack of any pretense of service on the undertenants qua “ squatters ” of1 the essential jurisdictional notices required by section 713 of the Beal Property Actions and Proceedings Law.
If, as landlord claimed, it was entitled to possession by reason of tenants’ holding over, there was a failure of proof of due and proper termination of the tenancies; as the court must be deemed to have found in implicitly rejecting landlord’s evidence of timely *553 service of the notices to cure and notices to quit on the tenants.
Moreover, the finding by the court that the ‘ ‘ ten day * * * notices to cure were not required by law ’ ’ is directly contrary to the explicit requirements of the Rent, Eviction and Rehabilitation Regulations, governing the termination of statutory tenancies, and the authoritative case law above cited, and vitiates any valid basis for a final judgment of possession against the prime tenants.
If, as the court concluded in its decision, the landlord was entitled to possession because the parties named and designated as undertenants by the landlord were not undertenants at all, but1 ‘ squatters ’ ’, then the landlord brought the wrong proceeding. In either case the petitions should have been dismissed.
The judgments in favor of landlord should be reversed and the petitions dismissed.
Fine and Frank, JJ., concur in Per Curiam opinion; Quinn, J. P., dissents in memorandum.
Judgments affirmed, etc.